[Civ. No. 27605.   Second Dist., Div. Four.   Jan. 20, 1964.]

GLORIA PONCE et al., Plaintiffs and Appellants, v.
SHIRLEY BLACK, Defendant and Respondent.

Heily, Herman & Blase and Neil D. Heily for Plaintiffs and Appellants.

Ives, Kirwin & Dibble for Defendant and Respondent.

JEFFERSON, J.—Plaintiffs, husband and wife, brought this action to recover for personal injuries sustained by plaintiff wife and for property damage caused to their automobile when they were struck from the rear by defendant's automobile. Appeal is taken from a judgment in favor of defendant following a nonjury trial, and from an order denying plaintiffs' motion for a new trial. The appeal from the non appealable order must be dismissed.

Defendant testified that at about 1 a.m. on the morning of October 14, 1961, she was driving her 1953 Oldsmobile in an easterly direction on U. S. Highway 101, in the City of Long Beach. Defendant was approximately one block away from the intersection of Highway 101 and Magnolia Avenue when she noticed that the traffic light at the intersection was red, and that plaintiffs' automobile, also headed in an easterly direction, was stopped at the intersection, apparently waiting for the light to change. At the time she first saw plaintiffs' vehicle, defendant was traveling at between 20 and 30 miles per hour. The speed limit was 35 miles per hour. As she approached the intersection she slowed to a speed "under 20 miles per hour." When she was about four or five car lengths away from the intersection the traffic light changed from red to green.[1] She applied the power brakes of

---

[1] In the deposition of defendant taken before the trial, parts of which were read into evidence by counsel for plaintiffs, defendant stated that

her automobile, however, they failed to operate, and she struck the rear of plaintiffs' automobile while it was still at the pedestrian walk zone of the intersection. The force of the collision pushed plaintiffs' car through this zone and out into the intersection. Defendant did not think to pull the emergency brake of her automobile or to blow the horn before the collision. The accident occurred in the right-hand lane on the eastbound side of the street.

Defendant further testified that she had used her car during the week preceding the accident and had experienced no difficulty with the brakes. On the way from her home, located at some distance from the scene of the accident, "not just right around the corner," the brakes worked properly. She was "apologetic" after the accident, saying she was sorry it happened. Approximately $200 in damages was done to the front of her automobile.

There was no evidence that defendant's automobile had been serviced or that the brakes were checked at any time prior to the accident.

No evidence of contributory negligence was introduced.

Plaintiffs contend that the evidence was insufficient as a matter of law to overcome either the inference or the presumption that defendant's negligence proximately caused the accident. Defendant apparently concedes that the evidence warranted application, as a matter of law, of the doctrine of res ipsa loquitur.

The rule is clear that if there is undisputed evidence plaintiff's stationary vehicle was struck from the rear by the defendant's moving vehicle, res ipsa loquitur applies as a matter of law. (*Alarid* v. *Vanier,* 50 Cal.2d 617, 625 [327 P.2d 897]; *Persike* v. *Gray,* 215 Cal.App.2d 816, 820 [30 Cal. Rptr. 603].)

In the case at hand, the uncontradicted evidence was that defendant's vehicle struck plaintiffs' automobile, from the rear, almost immediately after the signal light at the intersection where the accident occurred had turned to green, and before plaintiffs' vehicle, which had been waiting for the light to change, entered the pedestrian zone on the western side of the intersection. Plaintiffs' vehicle was "stationary" for all practical purposes, and the doctrine of res ipsa

---

she was traveling 35 miles per hour in the last block before the accident; the speed limit was 45 miles per hour; she was about three car lengths from plaintiffs' vehicle when she first saw it; two and one half car lengths away from the intersection when the light turned green; and she was then traveling at about 20 miles per hour.

loquitur was therefore applicable, thus raising the inference that defendant was negligent. ■ "To apply the rule is simply to say that the circumstances of the particular accident justify an inference of negligence." (*Merry* v. *Knudsen Creamery Co.*, 94 Cal.App.2d 715, 722 [211 P.2d 905].)

■ Furthermore, by reason of the operation of sections 26300 and 26453 of the California Vehicle Code, a presumption of negligence also arose. Section 26300 provides; "Every motor vehicle, other than a motorcycle, shall be equipped with brakes adequate to control the movement of the vehicle and to stop and hold the vehicle." Section 26453 provides: "All brakes and component parts thereof shall be maintained in good condition and in good working order." That such a presumption arises in brake failure cases is well settled. (See *Alarid* v. *Vanier, supra,* 50 Cal.2d 617; *Merry* v. *Knudsen Creamery Co., supra,* 94 Cal.App.2d 715; *Vesci* v. *Ingrim,* 190 Cal.App.2d 419 [11 Cal.Rptr. 830].) ■ The presumption of negligence is overcome by evidence of justification or excuse. ■ The correct test used to determine whether the violation of the statute is justified or excused is ". . . whether the person who has violated a statute has sustained the burden of showing that he *did* what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law." (Italics added.) (*Alarid* v. *Vanier, supra,* 50 Cal.2d 617, 624.)

■ Automobile brakes do not ordinarily fail unless there has been negligence on the part of someone in the design, manufacture, use, maintenance or inspection thereof. ■ In the case of a rear-end collision attributable to brake failure, it is incumbent on the owner of the overtaking car, if he would avoid the inference or presumption of negligence on his own part, to show, as a minimum: (a) the cause of the failure; (b) that nothing had occurred to charge him with knowledge of such defect; (c) that nothing in the prior use of the car, attributable to him or known to him, had contributed to such failure; (d) that the vehicle had been inspected and maintenance operations thereon conducted within a reasonable period prior to the accident; and (e) either that the cause of failure was of such a nature as not to have been discoverable by a reasonable inspection within such a reasonable prior period, or that the cause of failure was of such a nature as to have arisen subsequent to such inspection and maintenance within such prior period.

164

Defendant's testimony, given its broadest effect, satisfied only the second of these requirements. We are left without information as to the cause of the alleged brake failure, we do not know how long before the accident, if ever, the brakes had been inspected or subjected to maintenance operations. Since there was no substantial evidence to overcome the inference or presumption of negligence, a judgment in defendant's favor cannot stand.

For the first time defendant raises the contention in this appeal that she was not the owner of the 1953 Oldsmobile, but that either her husband was its owner, or the automobile was community property, and therefore, as the owner, or as the manager of the community property, he, and not she, had the duty to maintain the brakes. As pointed out by plaintiffs, defendant is precluded from raising this contention, because not only did she fail to deny the allegation in plaintiffs' complaint that she was the owner of the automobile, but she actually admitted ownership in the answer to the complaint filed by her. As stated in 2 Witkin, California Procedure, page 1509: "The normal effects of the admission are, first, to relieve the plaintiff from the necessity of offering evidence to support the allegation and the Court from the necessity of making a finding on the issue; and, second, to preclude the defendant from offering evidence to challenge it, and to make a finding against the admission erroneous." Finally, the issue was not raised as an issue at the time of pretrial.

The fact that the complaint and answer were unverified has no effect whatsoever in presenting issues to the court for consideration at the trial, as defendant apparently asserts.

Defendant alludes to certain "evidence" contained in her deposition, which was not offered in evidence at the trial, and to certain testimony given by her at the trial which was stricken from the record by the court as violative of the rules of evidence. As to the latter, it is obvious that such testimony cannot be considered as evidence. Nor may the portions of depositions not offered in evidence be considered. Defendant's counsel had the opportunity at the trial to introduce all or any portion of the deposition, subject to the rule that its use is governed by the general rules of evidence. (*Robinson* v. *North American Life & Cas. Co.*, 215 Cal.App. 2d 111, 116 [30 Cal.Rptr. 57].) However, in order to

have a deposition admitted in evidence, it must first be offered. (*Corbett* v. *Otts,* 205 Cal.App.2d 78, 86 [22 Cal.Rptr. 849].)

The judgment is reversed.

Burke, P. J., and Kingsley, J., concurred.