[S. F. No. 22596.   In Bank.   Oct. 7, 1968.]

KATHLEEN MALONEY, Plaintiff and Appellant, v.
RAMONA M. RATH, Defendant and Respondent.

Morgan & Moscone, Charles O. Morgan, Jr., and George R. Moscone for Plaintiff and Appellant.

Gassett, Perry & Katzen and Noel B. Gassett for Defendant and Respondent.

TRAYNOR, C. J.—Plaintiff brought this action to recover damages for injuries to her person and property incurred in an automobile accident. She appeals from an adverse judgment and from an order denying her motion for judgment notwithstanding the verdict on the issue of liability.

Plaintiff stopped her car in a left-turn lane to wait for a traffic signal to change. Defendant turned into the left-turn lane behind plaintiff and stepped on her brake pedal. Defendant's brakes failed, and a collision ensued.

Defendant neither knew nor had reason to know that her brakes were defective until they failed. The failure was caused by a rupture in a hydraulic hose that gave no warning to defendant of its impending occurrence. Defendant had the brakes completely overhauled by Peter Evanchik of Pete's Chevron Station about three months before the accident. Later, about two weeks before the accident, the car was involved in another collision, and defendant's husband had Evanchik inspect and repair it. Nothing was done to the brakes at that time. Defendant's expert witness testified that the brakes failed because of a hole in the hydraulic hose that was caused by rubbing of the hose against the right front wheel. The rubbing resulted from faulty installation of the hose at the time the brakes were overhauled. A qualified person inspecting the brakes before they failed would have detected the faulty installation and the evidence of the rubbing.

At the time of the accident section 26300 of the Vehicle Code provided that every motor vehicle "shall be equipped with brakes adequate to control the movement of the vehicle and to stop and hold the vehicle," and section 26453 provided that all "Brakes and component parts thereof shall be maintained . . . in good working order."(See also Veh. Code, § 26454.) ▮▮▮ A defendant's failure to comply with these provisions gives rise to a presumption of negligence that he may rebut by proof "that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law." (*Alarid* v. *Vanier* (1958) 50 Cal.2d 617, 624 [327 P.2d 897], see also cases cited on p. 622; Evid. Code, § 669, added by Stats. 1967, ch. 650, § 1.)

▮▮▮ Defendant offered sufficient evidence to rebut the presumption that she was negligent. The brakes had been overhauled three months before the accident; the car was inspected for damage and repaired after another accident in the interim; and the brakes gave no warning to defendant of their impending failure. Moreover, she was not negligent in failing to discover the faulty installation of or the growing damage to the hose, for those defects would be apparent only to a mechanic.

Plaintiff contends, however, that proof that defendant was

not herself negligent should not absolve her from liability for the damage caused by the failure of her brakes. She contends that the court should reconsider the *Alarid* decision and hold that a motorist is strictly liable for damage caused by a brake failure or hold that the duty to exercise reasonable care to maintain adequate brakes is nondelegable.

We adhere to the holding of the *Alarid* case that a violation of a safety provision of the Vehicle Code does not make the violator strictly liable for damage caused by the violation. We are aware, however, of the growing dissatisfaction with the law of negligence as an effective and appropriate means for governing compensation for the increasingly serious harms caused by automobiles. (See Ehrenzweig, Negligence Without Fault (1951); Keeton and O'Connell, Basic Protection for the Traffic Victim (1965); Franklin, *Replacing the Negligence Lottery* (1967) 53 Va.L.Rev. 774; Keeton, *Is There a Place for Negligence in Modern Tort Law?* (1967) 53 Va.L.Rev. 886; cf. *Urie* v. *Thompson* (1949) 337 U.S. 163, 196 [93 L.Ed. 1282, 1306, 69 S.Ct. 1018, 11 A.L.R.2d 252] (concurring opinion of Frankfurter, J.).) If the problem of fixing responsibility under a system of strict liability were as uncomplicated as it seems to be in this case, a court might be tempted to follow the lead of decisions recognizing strict liability in other circumstances. (See dissenting opinion of Shenk, J., in *Alarid* v. *Vanier, supra,* 50 Cal.2d 617, 629.)

In few cases, however, are the facts likely to be as simple as they are here. In the next case an accident might be caused by the combination of a brake failure and a stoplight failure under circumstances that would have permitted effective use of an emergency handbrake had the following motorist been properly alerted by the stoplight required by the Vehicle Code. (Veh. Code, § 24603.) In another case, a pedestrian might stumble and fall on a dangerous and defective pavement causing a motorist having the right of way to drive across the center line of the highway and strike a speeding oncoming car. Who is to be strictly liable to whom in such cases? However imperfectly it operates, the law of negligence allocates the risks and determines who shall or shall not be compensated when persons simultaneously engaged in the common enterprise of using the streets and highways have accidents. It does so by invoking familiar rules with respect to the reasonably prudent man, duty, proximate cause, contributory negligence, last clear chance, the effect of statutory violations, and imminent peril. A rule of strict liability would

·require its own attendant coterie of rules to allocate risk and govern compensation among co-users of the streets and highways.

·Unless the ratio decidendi of a decision making an abrupt change in the law can point with reasonable certainty to the solution of similar cases, it cannot help but create uncertainty in the area of its concern. In many situations the problems caused by such uncertainty will not outweigh the considerations that dictate change as the appropriate common law development. To invoke a rule of strict liability on users of the streets and highways, however, without also establishing in substantial detail how the new rule should operate would only contribute confusion to the automobile accident problem. Settlement and claims adjustment procedures would become chaotic until the new rules were worked out on a case-by-case basis, and the hardships of delayed compensation would be seriously intensified. Only the Legislature, if it deems it wise to do so, can avoid such difficulties by enacting a comprehensive plan for the compensation of automobile accident victims in place of or in addition to the law of negligence.

It does not follow, however, that the duty to exercise reasonable care to maintain brakes so that they comply with the provisions of the Vehicle Code can be delegated. This issue was not raised or considered in the *Alarid* case. Although there is language in *Ponce* v. *Black* (1964) 224 Cal.App.2d 159, 163 [36 Cal.Rptr. 419], suggesting that the duty is at least in part nondelegable, we doubt that the court in that case was addressing itself to that issue. We believe, however, that the law governing nondelegable duties dictates imposing such a duty here.

Unlike strict liability, a nondelegable duty operates, not as a substitute for liability based on negligence, but to assure that when a negligently caused harm occurs, the injured party will be compensated by the person whose activity caused the harm and who may therefore properly be held liable for the negligence of his agent, whether his agent was an employee or an independent contractor. To the extent that recognition of nondelegable duties tends to insure that there will be a financially responsible defendant available to compensate for the negligent harms caused by that defendant's activity, it ameliorates the need for strict liability to secure compensation.

We recently reviewed the law of nondelegable duties in *Van Arsdale* v. *Hollinger* (1968) 68 Cal.2d 245, 250-255

[66 Cal.Rptr. 20, 437 P.2d 508], and there is no need to re-iterate that discussion here. It is enough to point out that we have found nondelegable duties in a wide variety of situations and have recognized that the rules set forth in the Restatement of Torts with respect to such duties are generally in accord with California law. Such duties include those imposed by a public authority as a condition of granting a franchise (*Eli* v. *Murphy* (1952) 39 Cal.2d 598, 599 [248 P.2d 756]; *Taylor* v. *Oakland Scavenger Co.* (1941) 17 Cal.2d 594, 604 [110 P.2d 1044]; *Kirk* v. *Santa Barbara Ice Co.* (1910) 157 Cal. 591, 593 [108 P. 509]; *Colgrove* v. *Smith* (1894) 102 Cal. 220, 223-224 [36 P. 411, 27 L.R.A. 590]; Rest.2d Torts (1965) § 428); the duty of a condemning agent to protect a severed parcel from damage (*Los Angeles County Flood Control Dist.* v. *Southern Cal. Bldg. & Loan Assn.* (1961) 188 Cal.App.2d 850, 854 [10 Cal.Rptr. 811]); the duty of a general contractor to construct a building safely (*Dow* v. *Holly Mfg. Co.* (1958) 49 Cal.2d 720, 726-727 [321 P.2d 736]); the duty to exercise due care when an ". . . independent contractor is employed to do work which the employer should recognize as necessarily creating a condition involving an unreasonable risk of bodily harm to others unless special precautions are taken" (*Courtell* v. *McEachen* (1959) 51 Cal.2d 448, 457 [334 P.2d 870]; *Van Arsdale* v. *Hollinger, supra,* 68 Cal.2d 245, 254; *Ambriz* v. *Petrolane Ltd.* (1957) 49 Cal.2d 470, 481 [319 P.2d 1]; Rest.2d Torts (1965) § 416); the duty of landowners to maintain their property in a reasonably safe condition (*Knell* v. *Morris* (1952) 39 Cal.2d 450, 456 [247 P.2d 352]; *Brown* v. *George Pepperdine Foundation* (1943) 23 Cal.2d 256 [143 P.2d 929]; Rest.2d Torts (1965) § 422) and to comply with applicable safety ordinances (*Finnegan* v. *Royal Realty Co.* (1950) 35 Cal.2d 409, 423 [218 P.2d 17]; *Longway* v. *McCall* (1960) 181 Cal. App.2d 723, 731 [5 Cal.Rptr. 818]); and the duty of employers and suppliers to comply with the safety provisions of the Labor Code (*Alber* v. *Owens* (1967) 66 Cal. 2d 790, 792 [59 Cal.Rptr. 117, 427 P.2d 781]; *DiMuro* v. *Masterson Trusafe Steel Scaffold Co.* (1961) 193 Cal.App.2d 784, 792 [14 Cal.Rptr. 551]).

Section 423 of the Restatement Second of Torts provides that "One who carries on an activity which threatens a grave risk of serious bodily harm or death unless the instrumentalities used are carefully . . . maintained, and who employs an independent contractor to . . . maintain such instrumentalities, is subject to the same liability for physical

harm caused by the negligence of the contractor in . . . maintaining such instrumentalities as though the employer had himself done the work of . . . maintenance.'' ▮ Section 424 provides that ''One who by statute or by administrative regulation is under a duty to provide specified safeguards or precautions for the safety of others is subject to liability to the others for whose protection the duty is imposed for harm caused by the failure of a contractor employed by him to provide such safeguards or precautions.''

▮ Both of these sections point to a nondelegable duty in this case. The statutory provisions regulating the maintenance and equipment of automobiles constitute express legislative recognition of the fact that improperly maintained motor vehicles threaten ''a grave risk of serious bodily harm or death.'' The responsibility for minimizing that risk or compensating for the failure to do so properly rests with the person who owns and operates the vehicle. He is the party primarily to be benefited by its use; he selects the contractor and is free to insist upon one who is financially responsible and to demand indemnity from him; the cost of his liability insurance that distributes the risk is properly attributable to his activities; and the discharge of the duty to exercise reasonable care in the maintenance of his vehicle is of the utmost importance to the public. (See *Van Arsdale* v. *Hollinger, supra,* 68 Cal.2d 245, 253, and authorities cited.)

▮ In the present case it is undisputed that the accident was caused by a failure of defendant's brakes that resulted from her independent contractor's negligence in overhauling or in thereafter inspecting the brakes. Since her duty to maintain her brakes in compliance with the provisions of the Vehicle Code is nondelegable, the fact that the brake failure was the result of her independent contractor's negligence is no defense.

The judgment and the order denying the motion for judgment notwithstanding the verdict on the issue of liability are reversed and the case is remanded to the trial court for a new trial on the issue of damages only.

Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Mr. Presiding Justice Molinari in the opinion prepared by him for the Court of Appeal in *Maloney* v. *Rath* (Cal.App.) 65 Cal.Rptr. 386.