[L. A. No. 29569.   In Bank.   Oct. 7, 1968.]

HERBERT LEE CLARK et al., Plaintiffs and Appellants,
v. BODO DZIABAS, Defendant and Respondent.

N. E. Youngblood and Samuel Schekman for Plaintiffs and Appellants.

Edward I. Pollock, Robert E. Cartwright, Theodore A. Horn, Robert G. Beloud, Leo M. O'Connor and Leonard Sacks as Amici Curiae on behalf of Plaintiffs and Appellants.

Betts & Loomis and Richard F. Runkle for Defendant and Respondent.

TRAYNOR, C. J.—Plaintiffs Mr. and Mrs. Herbert Lee Clark brought this action to recover damages for injuries to their persons and property incurred in an automobile accident. They appeal from an adverse judgment and from an order denying their motion for judgment notwithstanding the verdict on the issue of liability.

Mr. Clark was driving and Mrs. Clark was riding in the right front seat at the time of the accident. They had stopped at an intersection to wait for the traffic signal to change when defendant's car struck their car from the rear.

Defendant testified that his brakes failed when he stepped on his brake pedal in response to the traffic signal and plaintiffs' stopping ahead of him. He swerved to the right but was unable to avoid a collision. He had no reason to know that his brakes were defective until they failed. The failure was caused by a rupture in a hydraulic line that gave defendant no warning of its impending occurrence. About six months before the accident he had the brakes overhauled by the automobile agency that had sold him the car, then a 3-year-old used car, about a year before the accident. About five weeks before the accident, defendant asked the attendants at the service station that regularly serviced his car to inspect the brakes, and there is evidence that they were adjusted at that time.

One of defendant's expert witnesses testified that the rupture in the hydraulic line was caused by the rubbing of a shock absorber against the line at a place where it had previously been repaired by soldering. Another of defendant's expert witnesses testified that the soldering was "very amateurish" and that the line would inevitably leak and eventually fail. There was no evidence of who had soldered the line, when it had been soldered, or whether or not the defective soldering or the rubbing by the shock absorber would have been detected by a reasonable inspection.

■ In *Maloney* v. *Rath*, S.F. 22596, *ante*, p. 442 [71 Cal.Rptr. 897, 445 P.2d 513], we held that the duty of the owner and operator of an automobile to maintain its brakes in compliance with the provisions of the Vehicle Code (Veh. Code, §§ 26453, 26454) is nondelegable. Accordingly, to establish a defense to liability for damages caused by a brake failure, the owner and operator must establish not only that " 'he did what might reasonably be expected of a person of ordinary prudence. acting under similar circumstances, who desired to comply with the law' " (*Maloney* v. *Rath, supra, ante,* p. 444) but also that the failure was not owing to the negligence of any agent, whether employee or independent contractor, employed by him to inspect or repair the brakes.

■ In the present case there is no evidence that either or both of the two independent contractors employed by defendant exercised reasonable care in repairing and inspecting the brakes. Either one may have been responsible for the defective soldering and both may have been negligent in failing to detect the defect while inspecting the brakes. Accordingly, the evidence does not support the judgment, and it must therefore be reversed.

The specific failure of proof, however, was not called to defendant's attention at the time plaintiffs moved for a directed verdict and for judgment notwithstanding the verdict. Moreover, unlike *Maloney* v. *Rath, supra,* the record does not establish that either of defendant's independent contractors was negligent. Accordingly, defendant should be afforded an opportunity to prove, if he can, that the defective condition of the brakes that led to their ultimate failure existed before he purchased the car and would not have been discovered by a reasonable inspection thereafter. Such proof would establish that neither defendant nor the agents he employed to maintain his brakes were negligent and that therefore his nondelegable duty to exercise reasonable care to maintain his brakes was not violated.

Plaintiffs also contend that the trial court erred in instructing the jury on alternative theories of liability. They contend that in addition to the brake failure, defendant's following too close and his failure to use all available means to avoid the accident after his brakes failed were concurrent proximate causes of the accident for which the jury could find defendant liable whether or not it concluded that the brake failure was excused. They assert that the instructions confused the various theories of liability and that the jury may therefore have

erroneously concluded that a finding that the brake failure was excused would also preclude holding defendant liable on any other theory. Since the judgment must be reversed in any event, it is unnecessary to consider whether or not any possible confusion in the instructions constituted prejudicial error. Moreover, since the problem has now been thoroughly exposed, the parties should have no difficulty in proposing appropriate modifications of the instructions on retrial to obviate any likelihood of confusion.

The order denying the motion for judgment notwithstanding the verdict is affirmed, and the judgment is reversed. Plaintiffs shall recover their costs on appeal.

Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

McCOMB, J.—I dissent. I would affirm the judgment for the reasons expressed by Mr. Justice Frampton in the opinion prepared by him for the Court of Appeal, Second Appellate District, Division Three (*Clark* v. *Dziabas*, 2 Civ. 30945, filed February 29, 1968, certified for nonpublication).