[Civ. No. 33282.   Second Dist., Div. Three.   Aug. 28, 1969.]

DOUGLAS M. DUTCHER, Plaintiff and Appellant, v. ABRAHAM WEBER, Defendant and Respondent.

Irving H. Green and Eliot B. Feldman for Plaintiff and Appellant.

Wyman, Bautzer, Finell, Rothman & Kuchel and Charles L. Fonarow for Defendant and Respondent.

ALLPORT, J.—Plaintiff brought this action to recover damages for injuries to his person and property resulting

from an automobile collision occurring May 2, 1966, at 8:20 p.m. at the right-angle tri-lite controlled intersection of Fountain and Highland Avenues in the County of Los Angeles. He appeals from an adverse judgment entered upon the verdict of a jury.

Plaintiff entered the intersection westbound on Fountain with the traffic control signal green in his favor, at approximately 25 miles per hour. Defendant entered southbound on Highland in violation of the red light at speeds variously estimated from 30 to 45 miles per hour and collided with the vehicle operated by plaintiff. At the time of the accident defendant was operating a 1961 Oldsmobile station wagon. When he was approximately two or three car lengths north of the intersection the traffic light changed to red. He applied his brakes but "nothing happened." The front of defendant's vehicle struck the middle of plaintiff's car and continued on across the intersection until stopped by being run along the right hand curbing south of Fountain. Immediately following the accident defendant told plaintiff and the investigating officers that his brakes had failed. Officer Walters checked the brakes and found that the pedal went to the floor and that he could not build up any resistance by pumping the brake. The officers found no brake fluid on the street nor leaking from the wheel cylinders. Because of vehicle damage, Officer Walters could not inspect the master cylinder.

Defendant had owned the Oldsmobile for five years. It was customarily operated by his wife. The car had 45,000 to 50,000 miles at the time of the accident. During this period the brakes had been relined two or three times. A few months before the accident defendant had "felt something was wrong" with the brakes. He had had them checked and one cylinder had been replaced. About two to three months prior to that he had had the brake system serviced. During the few months prior to and up to the moment of accident the brakes had worked satisfactorily. This included several stops within a mile or so of the intersection in question.

The sudden brake failure was confirmed by other witnesses. No repairs were made to the braking system following the accident. No evidence was adduced as to the actual cause of the failure.

At the time of the accident section 26453 of the Vehicle Code provided that all "brakes and component parts thereof shall be maintained . . . in good working order." (See also Veh. Code, § 26454.) A defendant's failure to comply with

these provisions gives rise to a presumption of negligence that he may rebut by proof "that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law." (*Alarid* v. *Vanier,* 50 Cal.2d 617, 624 [327 P.2d 897], see also cases cited on p. 622; Evid. Code, § 669, added by Stats. 1967, ch. 650, § 1; *Maloney* v. *Rath,* 69 Cal.2d 442, 444 [71 Cal. Rptr. 897, 445 P.2d 513].)

■ Plaintiff contends that the evidence is insufficient as a matter of law to rebut the presumption of negligence raised by Vehicle Code section 26453 since defendant failed to establish that the failure was not owing to the negligence of any agent, whether employee or independent contractor, employed by him to inspect or repair brakes. This court agrees with plaintiff that there is a lack of any such proof and agrees that this failure of proof requires a reversal of the judgment.

In *Alarid* v. *Vanier, supra,* 50 Cal.2d 617, the Supreme Court had occasion to consider a factual situation substantially similar to the case at bar. That court stated: "The presumption of negligence which arises from the violation of a statute is rebuttable and may be overcome by evidence of justification or excuse. [Citations.] . . . In our opinion the correct test is whether the person who has violated a statute has sustained the burden of showing that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law. . . . When the correct test is applied to the facts of the present case, it appears that the evidence is sufficient to go to a jury on the question whether defendant acted as an ordinary prudent man who wished to comply with the statutory requirements as to brakes. Defendant's automobile was a 1949 model which he had purchased in January 1955, and it was equipped with hydraulic foot brakes and a mechanical hand brake which worked independently. There is evidence that he drove the car to test the brakes when he purchased it and that they were in good condition. During the five months which elapsed prior to the accident, there was nothing wrong with the brakes and they were 'working in perfect condition.' Defendant had the car lubricated at a service station in April 1955 and was given a service 'receipt and guarantee' which indicated that the wheel brake cables and master cylinder had been inspected and lubricated and that no service or replacements were recommended. A few weeks before the accident a garage did some work on the clutch, and at that time no

suggestion was made to defendant that there was anything wrong with the brakes. On the day of the accident defendant drove 10 miles to his place of employment, stopping at numerous intersections, and the brakes worked perfectly. The car was parked at 7:45 in the morning and was not driven until defendant's quitting time at 4:30 p.m. After he left his parking place, it was not necessary for him to apply the brakes until he reached the scene of the accident, about two and a half blocks away, and he had no warning of any kind that there was anything wrong with the brakes.

"The evidence thus presents a question for the jury as to whether defendant took sufficient steps to meet his obligation to maintain his brakes in good condition, and plaintiff's motion for a directed verdict was properly denied." (50 Cal.2d at pp. 621, 624-625.)

The evidence in the case at bar of defendant's conduct with respect to the braking system of the vehicle in question prior to the accident was sufficient, under the test laid down in the *Alarid* case, to justify the implied finding of the jury that the presumption of negligence had been overcome.

However, the *Maloney* case and *Clark* v. *Dziabas*, 69 Cal.2d 449 [71 Cal.Rptr. 901, 445 P.2d 517], cited by plaintiff, extend the liability of a negligent repairman to the owner and operator of a motor vehicle under the theory of nondelegable duty and thus place upon the owner and operator a greater burden of proof as to rebutting the inference of negligence than that previously required by the *Alarid* case.

In the *Clark* case the Supreme Court said: "In *Maloney* v. *Rath* . . . we held that the duty of the owner and operator of an automobile to maintain its brakes in compliance with the provisions of the Vehicle Code (Veh. Code, §§ 26453, 26454) is nondelegable. Accordingly, to establish a defense to liability for damages caused by a brake failure, the owner and operator must establish not only that ' "he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law" ' (*Maloney* v. *Rath, supra*, p. 444) *but also that the failure was not owing to the negligence of any agent, whether employee or independent contractor, employed by him to inspect or repair the brakes.*

"In the present case there is no evidence that either or both of the two independent contractors employed by defendant exercised reasonable care in repairing and inspecting the brakes. Either one may have been responsible for the defective

soldering and both may have been negligent in failing to detect the defect while inspecting the brakes. Accordingly, the evidence does not support the judgment, and it must therefore be reversed.

"The specific failure of proof, however, was not called to defendant's attention at the time plaintiffs moved for a directed verdict and for judgment notwithstanding the verdict. Moreover, unlike *Maloney* v. *Rath, supra,* the record does not establish that either of defendant's independent contractors was negligent. Accordingly, defendant should be afforded an opportunity to prove, if he can, that the defective condition of the brakes that led to their ultimate failure existed before he purchased the car and would not have been discovered by a reasonable inspection thereafter. Such proof would establish that neither defendant nor the agents he employed to maintain his brakes were negligent and that therefore his nondelegable duty to exercise reasonable care to maintain his brakes was not violated." (Italics added.) (69 Cal.2d at p. 451.)

The record in the case at bar, being devoid of evidence as to the cause of the brake failure or of the negligence or lack thereof on the part of the brake inspectors or repairmen, as required by the *Clark* case, fails to support the verdict of the jury and the judgment entered thereon.

The judgment is reversed.

Cobey, Acting P. J., and Schweitzer, J., concurred.