[L.A. No. 30031. In Bank. Apr. 30, 1974.]

JOHN W. HARRIS, Plaintiff and Respondent, v.
IRISH TRUCK LINES, INC., et al., Defendants and Appellants.

## Counsel

Demler, Perona, Langer & Bergkvist, Major Alan Langer and Edison J. Demler for Defendants and Appellants.

Butler & Jefferson, Edwin C. Iliff and James M. Jefferson, Jr., for Plaintiff and Respondent.

Robert E. Cartwright, Edward I. Pollock, Theodore A. Horn, Marvin E. Lewis, William H. Lally, Joseph W. Cotchett, Herbert Hafif and Leonard Sacks as Amici Curiae on behalf of Plaintiff and Respondent.

## Opinion

**THE COURT.**—Defendants Irish Truck Lines, Inc. and Arthur Luster appeal from a judgment awarding $155,000 to plaintiff, John Harris, for personal injuries.

Plaintiff was driving a half-ton pickup truck westbound on Seaside Boulevard in Long Beach on a clear and dry day. Luster was driving eastbound on Seaside within the course and scope of his employment in a five-ton truck owned by Irish. He intended to make a left turn to go north onto the freeway, and drove into a special left turn lane for that purpose. Luster testified that when he attempted to slow for the turn, the brakes failed to operate properly and his truck would not slow. Because of the presence of another vehicle he could not swerve to his right, so he made a left turn, colliding with plaintiff's westbound vehicle. Luster testified that he had used the brakes several times that morning without mishap.

Irish's mechanic went to the scene of the accident, replaced the booster unit and bled the lines of the brake system. Thereafter the brakes worked properly.

Irish and Luster offered evidence that a plastic connector for the atmospheric airtube on the booster fractured, which allowed highway gravel to enter the sealed unit, rendering it ineffective and causing brake failure. There was conflicting evidence. Irish and Luster also presented evidence of regular periodic inspection of the brakes of the trucks owned by it. One week prior to the accident Irish's mechanic replaced the rear brake shoes, installed one new brake drum, and visually inspected the booster unit.

A witness testified that the brake lights of the truck did not flash before the accident.

There was no issue of contributory negligence.[1]

As to Irish and Luster, the trial court instructed the jury regarding negligence arising from violation of a statute by reading a portion of Vehicle Code section 26453: "All brakes and component parts thereof shall be maintained in good condition and in good working order." The court also instructed that violation of the statute constitutes negligence "unless such party proves by a preponderance of the evidence that he did what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law." (BAJI No. 3.45 (3d rev. ed. 1970).)

The final instruction given in this context and the instruction which is in issue reads as follows: "In this case where defendant Irish Truck Lines, Inc. is contending the collision was attributable to a brake failure, it is incumbent upon said defendant to avoid the presumption of negligence against it so far as the claim of brake failure is concerned, to show by a preponderance of the evidence (a) *the cause of the failure;* (b) that nothing had occurred to charge it with knowledge of such defect; (c) that nothing in the prior use of the truck, attributable to it or known to it, had contributed to such failure; (d) that the vehicle had been inspected and maintenance operations thereon conducted within a reasonable period prior to the accident; (e) that the cause of the failure was of such a nature as not to have been discoverable by a reasonable inspection within such a reasonable prior period, or that the cause of failure was of such a nature as to have arisen subsequent to such inspection and maintenance within such prior period; and (f) that the failure was not owing to the negligence of any agent, whether employee or independent contractor, employed by said defendant to inspect or repair the brakes."[2] (Italics added.)

Defendants claim it was error to require them, in order to rebut the presumption, to prove the actual cause of the brake failure. Under subdivisions (a)(1) and (a)(4) of section 669 of the Evidence Code a failure to exercise due care is presumed from the violation of a statute designed to prevent the injury from occurring to the class of persons for whose protection the statute was adopted. The presumption may be rebutted by proof that the person who violated the statute "did what might reasonably be expected of

---

[1] The Bendix Corporation, manufacturer of the hydraulic brake booster unit on the Irish truck, was also named a defendant but was exonerated by the jury.

[2] This instruction was not requested by plaintiff but by Bendix.

a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law; . . ." (Evid. Code, § 669, subd. (b)(1).)

The duty to maintain brakes in good working order and the defense to the statutory violation were considered in *Maloney* v. *Rath* (1968) 69 Cal. 2d 442 [71 Cal.Rptr. 897, 445 P.2d 513, 40 A.L.R.3d 1]. Although recognizing a strict liability system might be preferable in brake failure cases, the court refused to extend the strict liability doctrine because of the complications and uncertainties which might ensue. Nevertheless, it was held that, in the light of the grave risk of serious bodily harm due to careless maintenance of brakes, the duty to maintain brakes could not be delegated and a defendant could not rebut negligence merely by showing he entrusted others to repair and inspect.

The companion case of *Clark* v. *Dziabas* (1968) 69 Cal.2d 449 [71 Cal.Rptr. 901, 445 P.2d 517], also dealt with the showing necessary to rebut negligence where brake failure caused the accident. In that case, the defendant had purchased a used car a year before the accident, and he offered evidence that he had his car serviced with the brakes adjusted about five weeks prior to the accident and that the brakes had failed due to defective soldering. There was no evidence as to who had done the soldering or whether the defective soldering would have been discovered by a reasonable inspection.

The court stated that under *Maloney* a defendant, to establish a defense to liability for damages caused by brake failure, must establish not only that he did what might reasonably be expected of a person of ordinary prudence who desired to comply with the law "but also that the failure was not owing to the negligence of any agent, whether employee or independent contractor, employed by him to inspect or repair the brakes." (69 Cal.2d at p. 451.)

A judgment in favor of the defendant was reversed on the ground that there was no evidence that the persons servicing the car for him did not do the soldering or would not have discovered the defect by a reasonable inspection. (69 Cal.2d at p. 451.) The court directed a new trial on the ground that "defendant should be afforded an opportunity to prove, if he can, that the defective condition of the brakes that led to their ultimate failure existed before he purchased the car and would not have been discovered by a reasonable inspection thereafter." (*Id.*)

In *Clark,* there was no suggestion that defendant could rebut negligence merely by showing inspections made by mechanics. To the contrary, the defense based on due care in inspection is conditioned upon its relationship

to the defective condition. Only where the jury is apprised of the defect which caused the brake failure is it in a position to determine whether such defect "would not have been discovered by a reasonable inspection. . . ." (69 Cal.2d at p. 451.)

Accessibility of evidence also furnishes support for placing upon defendant the burden of proving what defect actually caused the brake failure which he claims led to the accident. In the case of an alleged brake failure, as the facts of the instant matter demonstrate, the defendant driver will ordinarily be in a better position to furnish evidence as to the cause of the brake failure than the plaintiff. The defendant is the one who was in control of the vehicle prior to the accident and who had access to knowledge of its condition at that time. After the accident, the defendant generally retains possession of the defective vehicle and, as in the present case, will often repair the brakes before any claim is made by the plaintiff. Under such circumstances, the defendant and his mechanic are in a far better position than the plaintiff to demonstrate what condition caused the brake failure as well as why such condition could not be detected by reasonable inspection and repair.

In similar circumstances—when a defendant is prima facie a wrongdoer and when evidence of the cause of an accident is more accessible to him than to the plaintiff—California courts have frequently placed the burden on such defendant to demonstrate the actual cause of the accident. Thus, for example, in *Haft* v. *Lone Palm Hotel* (1970) 3 Cal.3d 756 [91 Cal.Rptr. 745, 478 P.2d 465], this court held that in order to avoid liability for a drowning occurring in defendant hotel's pool, the hotel had the burden of showing that its failure to provide a lifeguard, as required by state regulation, was not a proximate cause of the death. And in *Ybarra* v. *Spangard* (1944) 25 Cal.2d 486 [154 P.2d 687, 162 A.L.R. 1258], we held that when a plaintiff, injured while unconscious on a hospital operating table, had made a prima facie showing of negligence which was the proximate cause of the injury, "[i]t is up to defendants to explain the cause of the injury." (*Summers* v. *Tice* (1948) 33 Cal.2d 80, 86-87 [199 P.2d 1, 5 A.L.R.2d 91], italics added (summarizing the *Ybarra* holding); see, e.g., *Dierman* v. *Providence Hospital* (1947) 31 Cal.2d 290, 295 [188 P.2d 12]; *Roddiscraft, Inc.* v. *Skelton Logging Co.* (1963) 212 Cal.App.2d 784, 804, 805 [28 Cal.Rptr. 277].)[3]

---

[3]As noted above, under the facts of the instant case defendant was clearly in a better position than plaintiff to prove the actual cause of the alleged brake failure. We thus are not faced with a situation involving the total destruction of a defendant's car, when evidence as to the cause of a defect may be unavailable to either party. We intimate no opinion as to the propriety of the present instruction in such a context.

In *Ponce* v. *Black* (1964) 224 Cal.App.2d 159, 163 [36 Cal.Rptr. 419], the Court of Appeal applied the reasoning underlying the above decisions in a brake failure context. In *Ponce,* plaintiff's car, while stopped at a red light, was struck in the rear by defendant's vehicle. Defendant testified at trial that she had driven her car frequently the week before the accident and had experienced no difficulty with the brakes; she also stated that she had used the brakes several times on the day of the accident and that they had worked properly until the incident in question. On the basis of this testimony, the trial court rendered judgment for defendant, but the Court of Appeal reversed, holding that in light of the presumption of negligence arising under Vehicle Code sections 26300 and 26450, it was incumbent upon the defendant to show that she was not responsible for the actual cause of the accident.

The *Ponce* court declared: "Automobile brakes do not ordinarily fail unless there has been negligence on the part of someone in the design, manufacture, use, maintenance or inspection thereof. In the case of a rear-end collision attributable to brake failure, it is incumbent on the owner of the overtaking car, if he would avoid the inference or presumption of negligence on his own part, to show, as a minimum: (a) the cause of the failure; (b) that nothing had occurred to charge him with knowledge of such defect; (c) that nothing in the prior use of the car, attributable to him or known to him, had contributed to such failure; (d) that the vehicle had been inspected and maintenance operations thereon conducted within a reasonable period prior to the accident; and (e) either that the cause of failure was of such a nature as not to have been discoverable by a reasonable inspection within such a reasonable prior period, or that the cause of failure was of such a nature as to have arisen subsequent to such inspection and maintenance within such prior period."

As is quite evident, the instruction given by the trial court in the instant case was in large part modeled after this language of the *Ponce* decision. (Cf. *Dutcher* v. *Weber* (1969) 275 Cal.App.2d 961, 965 [80 Cal.Rptr. 378].)

Imposition of the burden to establish the brake failure's cause upon the defendant seeking to explain the statutory violation is justified not only by the foregoing authorities but by additional considerations of fairness and procedure.

■ When a defendant seeks to excuse his failure to control his car on the ground of brake failure, he concedes the statutory violation and assumes the burden of rebutting the presumption of negligence. When examination

of the vehicle subsequent to the accident fails to reveal a defect which caused the alleged brake failure, the plaintiff should not be penalized; absence of evidence of a defect renders the entire claim of brake failure highly suspect and indicates that the defendant's failure to control his vehicle was most likely due to inattentiveness or other lack of care. On the other hand, when evidence of the causative defect is available, such evidence will often by itself vitiate any claim by the defendant of compliance with the nondelegable duty to carefully maintain brakes; a defendant who is in a better position to discover and preserve such evidence should not be permitted to profit from the plaintiff's inability to produce it.

As pointed out by Justice Shenk, in his dissenting opinion in the brake failure case of *Alarid* v. *Vanier* (1958) 50 Cal.2d 617, 630 [327 P.2d 897], one "of the tragedies of the law is that an innocent victim, one entirely without fault, is subjected to personal injury, and is without redress, as against the operator of an instrumentality put upon the highway which may because of its defective condition in the hands of the operator, cause harm to another who is entirely without fault." Although we do not extend the rule of strict liability to this situation as suggested by Justice Shenk, we believe that the risk of such tragedy must not be increased. Accordingly, we refuse to disapprove *Ponce* v. *Black, supra,* 224 Cal.App.2d 159, 163, or limit *Clark* v. *Dziabis, supra,* 69 Cal.2d 449, 451. ■ We conclude that in the instant case there was no error in instructing the jury that to rebut the presumption of negligence arising from brake failure, the defendants were required to show the cause of the failure.

■ Moreover, even assuming that proof of the cause of the brake failure was not essential to rebut the presumption of negligence and that the instruction was erroneous, the error was not prejudicial in the circumstances of this case. Although defendants attempted to rebut the presumption on the theory of careful inspection and maintenance of the braking system, they did not offer any expert evidence as to the standard of care to be exercised as to a truck such as theirs. The evidence as to the inspection one week prior to the accident showed only replacement of some parts of the rear brakes and visual inspection of the booster unit. In the absence of proof of the standard of care or of the defect, the jury could not determine whether the limited inspection and maintenance of the five-ton truck negated negligence and constituted "what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law, . . ." (Evid. Code, § 669, subd. (b)(1).)[4]

---

[4]Of course, defendants also attempted to rebut the presumption of negligence by showing that the brake failure was caused by a defect for which Bendix, not de-

Defendants also attack other instructions, not on the ground that they were incorrect statements of the law, but only on the ground that when viewed together in the light of the circumstances of this case, they were confusing. After examination of the record, we conclude that defendants' fears of confusion are not warranted.

The judgment is affirmed.

---

fendants, was responsible. A defense based on such a showing presupposes proof of a defect, and the requirement of proof of a defect in the challenged instruction could not be prejudicial to this attempt to overcome the presumption.