[No. A077714. First Dist., Div. One. June 5, 1998.]

JAMES G. HANSELL et al., Plaintiffs and Appellants, v.
SANTOS ROBINSON MORTUARY et al., Defendants and Respondents.

## COUNSEL

Kevin J. McInerney for Plaintiffs and Appellants.

Winters, Krug & Delbon, Daniel W. Winters and David F. Zucca for Defendants and Respondents.

## OPINION

**DOSSEE, J.**\*—The question presented in this appeal is whether a mortuary who agreed to arrange for cremation of the decedent may be held vicariously liable for the negligent mishandling of the remains by the crematorium. We conclude the duty of care is delegated to the crematorium and the mortuary has no duty to ensure the propriety of the cremation services.

### PROCEDURAL HISTORY

Plaintiffs are family members of decedents whose bodies were cremated by Pleasant Hill Cemetery, Inc. (Pleasant Hill). Upon discovery that Pleasant Hill had routinely engaged in improper practices in performing cremation services, plaintiffs instituted a class action against Pleasant Hill and 15 mortuaries that had utilized the cremation services of Pleasant Hill. In all a total of 7,282 bodies are believed to have been referred by the mortuaries to Pleasant Hill.

A nonjury trial was held solely on the theory of negligence.[1] By stipulation the issues were bifurcated so that the first phase of the trial was confined to a determination of whether the referring mortuaries had a nondelegable duty to plaintiffs and whether the wrongful practices of Pleasant Hill constituted a breach of a duty. Issues of causation and damages were reserved for the second phase.

---

\*Retired Associate Justice of the Court of Appeal, First District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]Plaintiffs' complaint had also alleged breach of contract, fraud, conspiracy to defraud, and unfair business practices. Those causes of action were dismissed.

The first phase was tried on stipulated facts. The trial court entered judgment in favor of defendant mortuaries, finding that defendant mortuaries had no duty to control the improper cremation practices of Pleasant Hill. Plaintiffs appeal.

## FACTS

Pleasant Hill engaged in a number of improper practices, including multiple cremations in the same cremation chamber at the same time and commingling the cremated remains. Defendant mortuaries, however, did not physically perform any of the wrongful acts. Defendant mortuaries are business entities separate and distinct from Pleasant Hill which agreed to arrange for the cremation of the decedents but did not perform the cremations.

Defendant mortuaries hold licenses as funeral directors, not licenses authorizing cremations. Defendant mortuaries agreed to perform a number of services to the decedents, including removal of the body from the place of death, preparation of the body (embalming, dressing, placing in burial container), preparation of religious or memorial services, completion of certificates and permits. They also agreed to arrange for cremation, and they did in fact arrange for transportation of the bodies to Pleasant Hill. On occasion defendant mortuaries also arranged for transportation of the cremated ashes from Pleasant Hill and for final disposition of the ashes.

## DISCUSSION

■ There is no question that the mistreatment of the decedents' remains by Pleasant Hill violated a statutory prohibition against multiple cremations and commingling of ashes (Health & Saf. Code, § 7054.7). The misconduct renders Pleasant Hill liable for negligent infliction of emotional distress. (*Christensen* v. *Superior Court* (1991) 54 Cal.3d 868, 879, 896-898 [2 Cal.Rptr.2d 79, 820 P.2d 181] [crematory defendants removed and sold human body parts, gold and other metals, cremated multiple bodies together, and placed cremated remains in containers without preserving their identities].) The duty of the crematorium is to provide respectful and dignified treatment of the decedents' remains, and that duty is owed not only to those who contracted for disposition of the remains but also to close family members for whose benefit the crematory services were rendered. (*Id.* at pp. 886-891.)

■ The issue presented here is whether liability for the crematorium's misconduct may also be imposed upon defendant mortuaries who arranged for the cremation services by Pleasant Hill.

## A. Careful Selection

Defendant mortuaries, like other professionals, have a duty to exercise the ordinary skill and competence of members of their profession, and a failure to discharge that duty will subject them to liability for their own negligence. (See *Cohen* v. *Groman Mortuary, Inc.* (1964) 231 Cal.App.2d 1, 3-4 [41 Cal.Rptr. 481] [funeral service conducted with another body substituted for the deceased], disapproved on another point in *Christensen* v. *Superior Court, supra*, 54 Cal.3d at p. 889.) Here, however, it is undisputed that defendant mortuaries did not physically perform any of the wrongful crematory acts. At most defendant mortuaries arranged with Pleasant Hill for the cremations.

The trial court found that a mortuary may be under a duty to select a crematorium with care, but that there was no evidence that defendant mortuaries breached that duty: "[T]here is no evidence that [defendant mortuaries] had any knowledge or reason to know that Pleasant Hill was engaging in the wrongful practices with bodies whose cremation was arranged by [defendant mortuaries]. A mortuary may have a duty to [e]nsure the competency and professionalism of the firms to which it sends bodies for cremation similar to the duty of a hospital to screen its staff physicians, but here there is no evidence from which a reasonably trier of fact could conclude that [defendant mortuaries] breached that duty. For aught that appears, [defendant mortuaries] dealt with Pleasant Hill as a duly licensed cemetery and crematorium, with no reason to believe its practices were other than lawful. . . . Neither was there any evidence of a custom and practice in the industry of having funeral directors inspect and or institute surveillance of crematoria practices. . . ." Plaintiffs have not challenged those findings on appeal.

## B. Failure to Control or Supervise

### Statutory Duties

As licensed funeral directors, defendant mortuaries were statutorily authorized, inter alia, to direct and supervise the burial or disposal of human remains. (Bus. & Prof. Code, § 7615, subd. (a).) Plaintiffs contend that by virtue of their licenses defendant mortuaries had a duty to supervise the cremations to ensure that the cremations were properly carried out.

We reject the argument. As the trial court reasoned, "cremation activity is a separately licensed activity in which non-licensed persons, such as funeral

directors, have no say." Sections 9780 and 9788 of the Business and Professions Code permit cremations only by licensed cemeteries or by licensed crematories.[2] It is undisputed that defendant mortuaries had no license to perform cremations. Defendant mortuaries held neither a cemetery license nor a crematory license. Pleasant Hill, on the other hand, did possess a cemetery license which authorized it to perform cremations.

The authority granted to defendant mortuaries by their funeral director licenses undoubtedly includes the power to contract with licensed facilities for performance of cremation services.[3] But inasmuch as the funeral director's license gives the licensee no power to carry out cremations directly, neither does the license authorize funeral directors to oversee the cremation activities by a licensed crematory. The power to control the conduct of crematories rests with the licensing authority, not with the referring mortuaries.[4] We therefore conclude that defendant mortuaries had no statutory duty to supervise the cremations.

Plaintiffs also rely on Health and Safety Code section 7054.7, which forbids "any person" from performing multiple cremations and from commingling cremated ashes. Plaintiffs contend that the statutory duty to forbear from such practices is imposed equally on defendant mortuaries as on Pleasant Hill.

That may well be so. The duty is imposed upon all, and a violation of the statute is a misdemeanor. (Health & Saf. Code, § 7054.7, subd. (c).) But the undisputed fact is that defendant mortuaries did not themselves violate the statute. They did not perform any crematory act, nor were they licensed to do so. The question comes down to whether defendant mortuaries had a statutory duty to oversee and control the cremation activities of Pleasant Hill. For the reasons discussed above, we conclude they did not.

---

[2] Business and Professions Code section 9788 makes it a misdemeanor to cremate human remains without a valid crematory license or certificate of authority. Section 9780 provides: "A crematory established, operated, or maintained, other than by a licensed cemetery authority, may be operated by a corporation, partnership, or natural person, provided that a valid crematory license shall have been issued by the [cemetery] board."

[3] Section 7685.2 of the Business and Professions Code requires funeral directors to provide an itemized disclosure of cemetery or crematory charges, thus implicitly contemplating that funeral directors may arrange for burial or cremation by other licensed facilities. Section 9784 prohibits cremation by a crematory without a written contract with the person having custody of the remains.

[4] A crematory that engages in improper practices is subject to discipline by the state Cemetery Board. (Bus. & Prof. Code, §§ 9625, 9725.1, 9789.)

*Acceptance of Custody*

■ A person may have a duty to rescue or protect another if there is a special relationship between them which gives rise to an affirmative duty to act. (6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 858, p. 220.) Such a special relationship may be found between a mortuary and the family of the decedent whose remains are entrusted to its care. (*Draper Mortuary* v. *Superior Court* (1982) 135 Cal.App.3d 533, 538 [185 Cal.Rptr. 396] [mortuary's failure to lock door resulted in sexual assault by intruder upon body of plaintiff's deceased wife].) "Once a mortuary . . . undertakes to accept the care, custody and control of the remains, a duty of care must be found running to the members of decedent's bereaved family." (*Ibid.*; accord, *Christensen* v. *Superior Court, supra,* 54 Cal.3d at pp. 887-888, 891.)

■ Here, of course, the custody and control of the remains of the decedents were transferred from defendant mortuaries to Pleasant Hill. The question is whether the duty to protect the decedents' remains from improper handling was thereupon delegated to Pleasant Hill. We conclude that it was.

■ At common law, one who employed an independent contractor was not vicariously liable for the negligence of the contractor. (See *Privette* v. *Superior Court* (1993) 5 Cal.4th 689, 693 [21 Cal.Rptr.2d 72, 854 P.2d 721]; e.g., *Williams* v. *Fairhaven Cemetery Assn.* (1959) 52 Cal.2d 135, 139 [338 P.2d 392] [owner of hotel who contracted with management company to operate hotel was not liable for negligence of management company].) Central to this rule of nonliability was the recognition that one who hires an independent contractor has no right to control the mode of work contracted for. (*Privette, supra,* 5 Cal.4th 689.) ■ Although the judicially created exceptions to the general rule of nonliability are now many, we conclude that in the present case, where defendant mortuaries lacked both the physical custody of the decedents' remains and the statutory authority to oversee the cremations, the general rule of nonliability obtains.

Plaintiffs rely upon the principle of nondelegable duty applicable to a general contractor who undertakes a construction project: The general contractor is liable for any defects in the construction even though the work was actually done by a subcontractor. (*Dow* v. *Holly Manufacturing. Co.* (1958) 49 Cal.2d 720, 725 [321 P.2d 736].) Similarly, the owner of an automobile has a statutory duty to maintain his or her brakes in good operating condition and may not delegate that duty to a mechanic. (*Maloney* v. *Rath* (1968) 69 Cal.2d 442 [71 Cal.Rptr. 897, 445 P.2d 513, 40 A.L.R.3d 1].) Plaintiffs argue that defendant mortuaries stand in the same position as an automobile

owner or a general contractor and have a nondelegable duty to ensure that the decedent is cremated and the remains put to rest in a dignified and respectful manner.

We reject the analogy. Unlike a mortuary, a general contractor is licensed to do the work delegated to the subcontractor. (Bus. & Prof. Code, §§ 7028, 7057.) Moreover, a general contractor has a duty to inspect the entire project, and the general contractor's nondelegable duty is based upon his control over the subcontractors and their work. (*Dow* v. *Holly Manufacturing Co., supra,* 49 Cal.2d at p. 727.) An automobile owner needs no license to service his or her brakes and has a statutory duty to maintain the brakes in good operating condition. In contrast, mortuaries are not licensed to perform cremations; in fact, for mortuaries to do so would be a criminal act. As we have already explained, mortuaries have no authority much less a statutory duty to oversee and control the cremation activities of the crematorium. The authority of a mortuary is limited to contracting with a licensed cemetery or crematory to arrange for cremation services.[5]

As the trial court noted, mortuaries may have a duty to use care in selecting the cremation facility. (See 6 Witkin, Summary of Cal. Law, *supra*, Torts. § 1010, pp. 402-403.) However, once that duty has been fulfilled, as here, and the mortuary has exercised due care in contracting for cremation services by a licensed facility, the mortuary should be entitled to rely upon the crematory for proper performance of the cremation activities. We conclude that the duty to carry out a cremation in a dignified and respectful manner is a delegable duty. And once the physical custody of the body is transferred to the crematorium, care of the body is entrusted to the crematorium, and the duty to protect the remains from inappropriate handling is thereupon delegated to that facility.

Plaintiffs contend, however, that the duty of defendant mortuaries to protect the decedents from mistreatment continues until final disposition of the ashes. In support of that notion, plaintiffs rely upon language from the Supreme Court's opinion in *Christensen* v. *Superior Court, supra*, 54 Cal.3d 868. There the plaintiffs sued both mortuary defendants, who had agreed to provide funeral-related services and to accomplish cremation, and crematory

---

[5]It is undisputed that defendant mortuaries agreed to arrange for the cremation of decedents. They also arranged for transportation of bodies to Pleasant Hill and, on occasion, for the return transportation of cremated remains from Pleasant Hill. It bears emphasis that plaintiffs dismissed their claim for breach of contract, confining their case to a negligence theory. Nothing in the agreement to "arrange for" cremation gives rise to a duty to oversee the manner in which the cremations were carried out.

defendants, who had performed the cremations under contract with the mortuary defendants. (*Id.* at p. 877.) The issue before the court in *Christensen* was one of standing to sue for the mishandling of the decedents' remains: whether the duty of care is limited to those who actually contract for the services, who actually witness the misconduct, or who have the statutory right to dispose of the remains.

In holding that the duty owed by the mortuary and the crematory defendants should not be limited to bystander witnesses, the court reasoned in part as follows: "The unique context in which this dispute arises is relevant to its resolution. The model complaint alleges that the mortuary and crematory defendants undertook not simply to provide an expeditious disposal of the remains of plaintiffs' decedents as a means by which the holders of the statutory rights or the contracting party could fulfill an obligation imposed by the state. Rather, the mortuary defendants undertook to provide appropriate and dignified services of the type that bereaved family members normally anticipate. *Those services* are not limited to the conduct of, or facilitating the conduct of, ceremonial or funeral rites, but *extend through* arranging the commitment of the remains through burial or encryptment, or alternatively *cremation and inurnment or other disposition of the ashes of the decedent* for whose family the services were performed. (*American Funeral Concepts* v. *Board of Funeral Directors & Embalmers* (1982) 136 Cal.App.3d 303, 306 [186 Cal.Rptr. 196] ['Funeral services' include 'burial or cremation.'].)" (*Christensen* v. *Superior Court, supra,* 54 Cal.3d at p. 886, fn. omitted, italics added.)

Plaintiffs have read too much into the Supreme Court's language. No question was raised in *Christensen* whether the mortuary defendants were vicariously liable for the misconduct of the crematory defendants. The complaint in *Christensen* alleged direct negligence by the mortuaries in that they "had contracted with the crematory defendants for services in circumstances in which they knew or should have known that this [wrongful] conduct was occurring or would occur." (54 Cal.3d at p. 879, see also *id.* at p. 878.)

Moreover, the *Christensen* case came to the Supreme Court following the sustaining of a demurrer; for purposes of its analysis the court accepted as true the allegations of the complaint. (54 Cal.3d at p. 876.) In the quoted language relied upon by plaintiffs the court was merely paraphrasing the allegations of the complaint. Nothing in the *Christensen* case addresses the issue presented here concerning the delegation of the duty of care owed by the mortuary after the crematorium has accepted custody and control of the remains.

For the reasons we have explained, we hold that defendant mortuaries had no duty to ensure that the cremations were properly performed and cannot be held vicariously liable for the wrongful cremation practices of Pleasant Hill.

The judgment is affirmed.

Stein, Acting P. J., and Swager, J., concurred.

Appellants' petition for review by the Supreme Court was denied August 26, 1998.