[Civ. No. 9997. First Appellate District, Division Two.—January 9, 1936.]

HARRY H. NELSON, Respondent, v. J. JEROME CANAVAN et al., Appellants.

David R. Faries, J. Clifford Argue, Rex Hardy and Vernon W. Hunt for Appellants.

C. W. Pendleton for Respondent.

STURTEVANT, J.—From a judgment awarding damages against them in an action founded on fraud and deceit, the defendants have appealed. The alleged fraud and deceit arose out of a purported sale of a second-hand truck and trailer. Other facts will be stated as the separate points are taken up.

(1) In paragraph V of his complaint the plaintiff alleged that he relied on the false statements made to him. In paragraph VI he alleged the false representations made to him. Both paragraphs were denied and evidence thereon was introduced by each party. In preparing its findings the trial court referred to the plaintiff's complaint by designated paragraphs. No reference whatever was made to paragraphs V and VI. The defendants assert that the findings of fact do not support a judgment based thereon. The plaintiff concedes the point, but asks that this court take such action as will result in supplying the missing findings. However, as we view the record, we are not inclined to do so.

(2) It is next claimed that the evidence is insufficient to support a judgment based upon the first cause of action. That cause of action alleged that the plaintiff had rescinded the contract of purchase. The evidence contained some slight conflicts but it may not be said it was insufficient.

(3) In the second cause of action the plaintiff alleged that the contract of purchase was rescinded by the mutual consent of the parties thereto. The defendants claim that the evidence was insufficient to support the finding in favor of the plaintiff. That claim is well founded. The evidence discloses that the plaintiff rescinded the contract but that the defendants refused to be bound thereby. It further discloses that after receiving plaintiff's notice of rescission the defendants proceeded to act under the terms of the contract as written. In that behalf it does not disclose that the defendants departed from the provisions of the contract in any respect whatsoever. The plaintiff cites *Bray* v. *Lowery,* 163 Cal. 256 [124 Pac. 1004]. An examination of that case discloses that Lowery in material respects departed from the provisions of his contract and, having done so, that thereafter Bray did the same thing. The facts are quite different from the facts in the instant case.

(4) It is next claimed that the court had no jurisdiction of the second cause of action. Pointing to the fact that said cause is based on mutual rescission, that no equitable relief is asked, and that the relief sought is a judgment for $1375, the amount of his expenditures, and that such relief is in a sum less than $2,000, the defendants assert that the jurisdiction rested in the municipal court and not in the superior court. They cite *Jensen* v. *Harry H. Culver & Co.,* 127 Cal. App. (Supp.) 783 [15 Pac. (2d) 907]. Since the briefs were filed *Philpott* v. *Superior Court,* 1 Cal. (2d) 512 [36 Pac. (2d) 635, 95 A. L. R. 990], was decided. Both cases support their contention. The same contention is not made as to the first cause of action and we are not expressing any opinion in reference to that count.

(5) The defendants claim that the rule of *caveat emptor* should have been applied by the trial court. In this connection it again asserts that the plaintiff did not rely on the statements made by the defendants, but conducted an independent investigation and obtained advice from his associate Felix Meyer. But, as shown in division (2), *supra,* the evidence contained certain conflicts and gave rise to different inferences. Under these circumstances we think it is quite clear it may not be said the trial court erred in refusing to apply the rule of *caveat emptor.*

160

(6) The defendant Canavan alleged that the plaintiff had possession of the truck and trailer for approximately one month and that the reasonable value of that use was $300. The defendants now assert that the trial court erred in not making a finding on that issue. It is perfectly clear that no finding was made, but counsel have not quoted any evidence and have not cited us to any page in the transcript showing that any evidence was introduced by said defendant in support of his said allegations.

(7) It is also asserted that the amount of the judgment is incorrect. The judgment was rendered for $389.65. What factors entered into it the record does not disclose. Although the conditional sales contract recited that the initial payment was $375, the oral testimony was to the effect that it was $300. The plaintiff gave testimony to the effect that in traveling from Los Angeles by Garberville to Crescent City and returning by Redding, he expended in repairs $119.20. His total expenditures were therefore $419.20. That sum makes no allowance for the reasonable rental value for the use of the outfit in making said trip. However, as shown in division (6) hereof, no evidence was introduced as to the value of said use. Under these circumstances a judgment in the sum of $389.65 was not erroneous.

(8) It is then asserted that the judgment against the defendant Paul G. Hoffman Co., Inc., is not supported by the evidence, the findings are not supported by the evidence, and the judgment is not supported by the findings of fact. The contract of purchase, which it is claimed was made because of fraud and deceit, was in writing. Paul G. Hoffman Co., Inc., was not a party to it, was not present when it was made, and no agent of said corporation participated in any part of the transaction. Clearly that company was in no manner responsible for the wrongful acts of Canavan and Kunkel, the vendors.

(9) Finally it is contended that the complaint fails to state a cause of action against Paul G. Hoffman Co., Inc. We think the point may not be sustained. In the title the plaintiff named Paul G. Hoffman Co., Inc., a corporation, one of the defendants. In the body of the pleading there are numerous allegations charging "the defendants". True it is that in one place the allegation is "said defendants presented to plaintiff for his signature an agreement". It is now said

that Paul G. Hoffman Co., Inc., was not a party to the agreement. Such fact does not necessarily appear on the face of the complaint. While the complaint was ambiguous, we think it may not be said it did not state a cause of action against Paul G. Hoffman Co., Inc.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with what has been said above.

Nourse, P. J., and Spence, J., concurred.