[Sac. No. 6479. In Bank. Nov. 30, 1954.]

W. W. BIRD, Appellant, v. C. V. KENWORTHY, Respondent.

John G. Evans for Appellant.

Rutherford, Jacobs, Cavalero & Dietrich and Stephen Dietrich for Respondent.

EDMONDS, J.—The appeal of W. W. Bird is from an adverse judgment in an action to rescind a conditional sales contract and for the recovery of the amount he paid to C. V. Kenworthy, the vendor. Bird also asked for relief from a forfeiture which assertedly resulted in the unjust enrichment of Kenworthy.

In 1948, Bird and Kenworthy entered into a conditional sales contract and Bird took possession of the tractors described in it. The purchase price was approximately $29,500, of which $5,000 was paid at that time. Bird agreed to pay the remainder in monthly installments of $2,000.

Time was made the essence of the contract. It also provided: "Should I fail to make any monthly payment above specified when the same is due, . . . then the entire unpaid balance of purchase price shall at your option, become immediately due and payable and shall bear interest thereafter at the highest lawful rate, and I agree to make full payment of such balance. Should I return said chattels to you or if you repossess said chattels, then you may retain all payments previously made as compensation for use of said chattels,

and you may, at your option, sell said chattels at public or private sale, with or without notice, and credit the net proceeds, after expenses, on the amounts unpaid hereunder." The contract made no requirement for the seller to give notice of his exercise of the option to repossess.

During the year immediately following the execution of the contract, Bird paid eight of the installments, none of them at the time when due. Five months elapsed during which no payment was made.

Kenworthy testified that in the latter part of October, 1949, he advised Bird over the telephone that unless payment in full were made, he would repossess the equipment. He took that action about one month later. Bird then tendered the balance of the principal and interest due but Kenworthy refused to accept it. Thereupon Bird served notice of rescission and demanded the return of the amounts he had paid.

The trial court found that Kenworthy did not "waive prompt payment of future installments, or waive the right to repossess the equipment." Another finding was "that plaintiff Bird's failure promptly to pay the installments to defendant Kenworthy under the conditional sale contract was grossly negligent and willful." The reasonable rental value of the equipment, while in the possesssion of Bird, was determined to be $2,200 a month, or a total of $37,500.

Bird alleged that he rescinded the contract because of the unlawful repossession by Kenworthy. That cause of action was based upon an asserted promise by Kenworthy to take no action to repossess the equipment without notifying Bird. But assuming that Kenworthy made such a promise, the court found that, before the repossession, Kenworthy demanded the payment of the amount due or the return of the equipment.

Another ground for relief relied upon by Bird is that he is entitled to recovery under section 3275 of the Civil Code which provides: "Whenever, by the terms of an obligation, a party thereto incurs a forfeiture, or a loss in the nature of a forfeiture, by reason of his failure to comply with its provisions, he may be relieved therefrom, upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty." █ However, the finding that Bird's breach was willful and grossly negligent is supported by substantial evidence. The record shows that during the time he had possession of the equip-

ment he earned a considerable amount for work done by him and he collected rent from contractors to whom he leased the tractors. There is also evidence that Bird frequently made it as difficult as possible for Kenworthy to find him.

In *Freedman* v. *Rector, Wardens & Vestrymen of St. Mathias Parish,* 37 Cal.2d 16 [230 P.2d 629, 31 A.L.R.2d 1], it was held that, although the vendee in a conditional contract for the sale of real estate is a willful defaulter, the vendee may recover the amount which constitutes unjust enrichment of the vendor by reason of the termination of the contract. Such recovery may be had though the vendee could receive no relief under section 3275 of the Civil Code.

To have the benefit of the rule against unjust enrichment, the burden of proof is upon the defaulting vendee to show that the payments made by him exceed the vendor's damages. (*Major-Blakeney Corp.* v. *Jenkins,* 121 Cal.App. 2d 325, 332 [263 P.2d 655]; *Baffa* v. *Johnson,* 35 Cal.2d 36, 40 [216 P.2d 13].) Here the trial court found that the reasonable rental value of the property while in the possession of Bird was in excess of the amount he paid under the contract.

But Bird argues that the issue of unjust enrichment should not be determined by balancing the payments made by him against the reasonable rental value of the equipment during the time it was in his possession. He contends that the rental value should be the amount of its value to him during the time he had possession of it. However, this is not the measure of such value.

In *Elrod-Oas Home Bldg. Co.* v. *Mensor,* 120 Cal.App. 485 [8 P.2d 171], a defaulting vendor sought a decree quieting title to certain real property. The court ordered the vendors to return the amount of the payments they received, less the reasonable rental value for the time the vendees were in possession. It said, "While defendants actually occupied the premises for about ten months, . . . nevertheless they held undisturbed possession for eighteen months. The whole period should, we think, have been allowed for at the monthly rate impliedly admitted by defendants and found to be reasonable . . .." (P. 490.)

The vendors of the real property which was the subject of controversy in *Heintzsch* v. *LaFrance,* 3 Cal.2d 180 [44 P.2d 358], were allowed to set off the reasonable rental value of the land against the amounts paid by the vendees. And

in *Roberts* v. *Lebrain*, 113 Cal.App.2d 712, 717 [248 P.2d 810], a defaulting vendor was allowed to keep the purchase payments, since they were a reasonable sum for the use and occupancy of the premises.

There is dictum in *Nelson* v. *Canavan*, 11 Cal.App.2d 156, 160 [53 P.2d 201], to the effect that where the vendee is seeking damages because of asserted fraud in the sale of a chattel, the vendor may set off the reasonable rental value of the property while it is in the possession of the vendee. Support for this position may also be found in *Quinlan* v. *St. John*, 28 Wyo. 91 [201 P. 149, 152]. There the Wyoming Supreme Court refused equitable relief from forfeiture in a land sale contract because the plaintiff did not "offer to account for the value of the use of the property during the time she held it." She did not show that the amounts paid by her were greater than the rental value of the property. "[W]ith her petition in its present form," said the court, "the rental value of the property may have equalled or exceeded the monthly payments made; . . .."

Had the contract been completed by Bird, Kenworthy would have received a little over $29,000. By repossession of the equipment, which the parties agree had a value of $28,000 at the time of repossession, and the payments of $24,000 which Bird made, the vendor has received approximately $52,000. But if he had rented the equipment for the period Bird had possession of it, he would have earned $37,400 in rentals and have the tractors worth $28,000 or a total of $65,400.

▉ The purpose of the rule in the Freedman case is to prevent unconscionable inequities resulting from a forfeiture. But where, as here, the vendor would have received greater benefit if the property had remained in his hands than the amount obtained by him because of the forfeiture, there is no inequity.

The authorities relied upon by Bird all involve actions for damages where there had been an unlawful dispossession, or where there was a breach of contract. In the present case, the only question is whether the vendor has been unjustly enriched if he is allowed to keep the payments received by him.

▉ Bird also complains that certain evidence offered by him concerning the value of the use to him should have been admitted, either to ascertain the amount of consideration he should restore if rescission were granted, or to determine the

vendor's setoff if relief were given from the forfeiture. As Bird has shown no ground for rescission, he was not prejudiced by the rejection of this evidence.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.