[No. A038449. First Dist., Div. One. Aug. 18, 1988.]

MARCELINO NOGUEIRO et al., Plaintiffs and Respondents, v. KAISER FOUNDATION HOSPITALS et al., Defendants and Appellants.

COUNSEL

Thelen, Marrin, Johnson & Bridges, Kennedy P. Richardson, Anthony C. Rodriguez, Kenneth D. Ayers, Ropers, Majeski, Kohn, Bentley, Wagner & Kane, Mark G. Bonino, Todd A. Roberts, Achor & Miller and Christopher R. Miller for Defendants and Appellants.

Fred J. Hiestand as Amicus Curiae on behalf of Defendants and Appellants.

Arne Werchick and Werchick & Werchick for Plaintiffs and Respondents.

OPINION

**RACANELLI, P. J.**—This appeal arises from an order confirming an arbitration award rendered in a disputed medical malpractice claim against

appellants. The disputed claim involving a wrongful death and contract action was arbitrated pursuant to the health plan agreement between the parties before a panel consisting of a neutral arbitrator and two arbitrators selected by the parties. The arbitrators unanimously determined that appellants were required to pay respondents a lump sum of $40,000 special damages for breach of contract plus $310,000 general damages. Appellants unsuccessfully sought to correct the award to reduce the amount of general damages to $250,000, the maximum sum allowable for "noneconomic losses" under the provisions of Civil Code section 3333.2.[1] We will affirm the judgment entered on the arbitration award for the reasons which we explain.

## DISCUSSION

Appellants' principal argument on appeal is that the arbitrators exceeded their authority in failing to apply the $250,000 limit for "noneconomic losses" imposed by Civil Code section 3333.2, subdivision (b) to the wrongful death "action" determined by arbitration.[2] Though the issue has been briefed by the parties and amicus curiae,[3] we need not decide that matter on the record before us.

■ Even were we to assume, arguendo, that the statutory limitation applies to medical malpractice claims determined by arbitration, the challenged award must be upheld on appeal.

Arbitration of medical malpractice claims is an increasingly favored method of adjudication. (*Madden* v. *Kaiser Foundation Hospitals* (1976) 17 Cal.3d 699, 706-708 [131 Cal.Rptr. 882, 552 P.2d 1178].) It is designed to provide a more expeditious and less costly remedial process utilizing simplified procedures and relaxed evidentiary rules. (*Id.,* at p. 711.) MICRA itself explicitly sanctions the use of arbitration to resolve medical malpractice disputes. (See Code Civ. Proc., § 1295.)

■ It is well established that unless specifically required under the terms of the arbitration agreement to act in conformity with rules of law, arbitra-

---

[1] Appellants' related argument challenging the special damages award is not raised on appeal.

[2] The statutory cap for noneconomic losses is an integral part of the comprehensive Medical Injury Compensation Reform Act of 1975 (MICRA). (See generally *Fein* v. *Permanente Medical Group* (1985) 38 Cal.3d 137, 158-159 [211 Cal.Rptr. 368, 695 P.2d 665], app. dism. 474 U.S. 892 [88 L.Ed.2d 215, 106 S.Ct. 214]; *American Bank & Trust Co.* v. *Community Hospital* (1984) 36 Cal.3d 359, 371-372 [204 Cal.Rptr. 671, 683 P.2d 670, 41 A.L.R.4th 233].) At least one court in this relatively unexplored area of law has determined that the statutory cap applies to a wrongful death action tried before a jury. (See *Yates* v. *Pollock* (1987) 194 Cal.App.3d 195 [239 Cal.Rptr. 383].)

[3] The Association for California Tort Reform.

tors may base their decision upon broad principles of justice and equity. (*Morris* v. *Zuckerman* (1968) 69 Cal.2d 686, 691 [72 Cal.Rptr. 880, 446 P.2d 1000]; *Grunwald-Marx, Inc.* v. *L. A. Joint Board* (1959) 52 Cal.2d 568, 589 [343 P.2d 23]; *Sapp* v. *Barenfeld* (1949) 34 Cal.2d 515, 523 [212 P.2d 233].) ■ As a consequence, arbitration awards are generally immune from judicial review. "Parties who stipulate in an agreement that controversies that may arise out of it shall be settled by arbitration, may expect not only to reap the advantages that flow from the use of that nontechnical, summary procedure, but also to find themselves bound by an award reached by paths neither marked nor traceable and not subject to judicial review." (*Case* v. *Alperson* (1960) 181 Cal.App.2d 757, 759 [5 Cal.Rptr. 635]; see also *Crofoot* v. *Blair Holdings Corp.* (1953) 119 Cal.App.2d 156, 185-186 [260 P.2d 156], both cases disapproved on other grounds in *Posner* v. *Grunwald-Marx, Inc.* (1961) 56 Cal.2d 169 [14 Cal.Rptr. 297, 363 P.2d 313].)

Thus, courts will not pass upon the validity of the arbitrator's reasoning. (*Grunwald-Marx, Inc.* v. *L. A. Joint Board, supra,* 52 Cal.2d at p. 589; see also *Safeway Stores, Inc.* v. *Brotherhood of Teamsters* (1978) 83 Cal.App.3d 430, 436-437 [147 Cal.Rptr. 835]; *American & Nat. etc. Baseball Clubs* v. *Major League Baseball Players Assn.* (1976) 59 Cal.App.3d 493, 498 [130 Cal.Rptr. 626].) Nor will courts review the sufficiency of the evidence to support the arbitration award. (*Morris* v. *Zuckerman, supra,* 69 Cal.2d at p. 691; *Pacific Vegetable Oil Corp.* v. *C. S. T., Ltd.* (1946) 29 Cal.2d 228, 238 [174 P.2d 441]; *Park Plaza, Ltd.* v. *Pietz* (1987) 193 Cal.App.3d 1414, 1421 [239 Cal.Rptr. 51].) The courts have consistently enforced an arbitration award even though it may conflict with substantive law. (See, e.g., *Lindholm* v. *Galvin* (1979) 95 Cal.App.3d 443, 450-452 [157 Cal.Rptr. 167] [court won't inquire whether arbitrator's decision was based on inadmissible privileged evidence]; *Safeway Store, Inc.* v. *Brotherhood of Teamsters, supra,* 83 Cal.App.3d at pp. 437-438 [deference accorded to arbitrator's contract interpretation even though a question of law involved]; *Interinsurance Exch.* v. *Bailes* (1963) 219 Cal.App.2d 830, 834-836 [33 Cal.Rptr. 533] [arbitrator's decision upheld even though arbitrator erroneously refused to apply doctrine of res judicata].)

■ In Code of Civil Procedure sections 1286.2 and 1286.6, the Legislature has prescribed the grounds upon which a court may vacate or correct an arbitration award. An error of law is not one of the grounds. (*National Football League Players' Assn.* v. *National Football League Management Council* (1986) 188 Cal.App.3d 192, 199 [233 Cal.Rptr. 147]; *City of Oakland* v. *United Public Employees* (1986) 179 Cal.App.3d 356, 363-364 [224 Cal.Rptr. 523]; *Lindholm* v. *Galvin, supra,* 95 Cal.App.3d at pp. 450-451; *Lehto* v. *Underground Constr. Co.* (1977) 69 Cal.App.3d 933, 939-940 [138 Cal.Rptr. 419]; *State Farm Mut. Auto. Ins. Co.* v. *Guleserian* (1972) 28

Cal.App.3d 397, 402-403 [104 Cal.Rptr. 683]; *Interinsurance Exch.* v. *Bailes, supra,* 219 Cal.App.2d at pp. 834-836.)

However, an exception to the rule of conclusiveness may apply when the error appears on the face of the award. (*Park Plaza, Ltd.* v. *Pietz, supra,* 193 Cal.App.3d at p. 1420; *National Football League Players' Assn.* v. *National Football League Management Council, supra,* 188 Cal.App.3d at p. 199; *Ray Wilson Co.* v. *Anaheim Memorial Hospital Assn.* (1985) 166 Cal.App.3d 1081, 1090 [213 Cal.Rptr. 62].)[4] Thus, in *National Football League Players' Assn.* v. *National Football League Management Council, supra,* 188 Cal.App.3d 192, this court (Div. Three) elected to consider whether the single arbitrator's refusal to apply the doctrine of mitigation of damages, apparent on the face of the award, amounted to an error of law causing substantial injustice.

Here, in contrast, the arbitration award is ambiguous insofar as the component elements of general damages are concerned. As noted earlier, the award gave plaintiffs $40,000 special damages for breach of contract and $310,000 "general damages." The arbitrators' refusal to apply the $250,000 limitation on "noneconomic losses"[5] does not appear on the face of the award itself; and it cannot be facially determined whether the award of $310,000 general damages includes economic damages (such as loss of earnings and loss of services) as well as noneconomic damages.

We conclude that even if the arbitrators' award resulted from an erroneous refusal to apply Civil Code section 3333.2, such error of law does not invalidate the award. (See *Ray Wilson Co.* v. *Anaheim Memorial Hospital Assn., supra,* 166 Cal.App.3d at p. 1090 [alleged erroneous disregard of contract provisions not appearing on face of the award].) " '. . . "Whether they were right or wrong, the arbitrators decided the issue that was properly before them, and the decision arrived at was one that the parties by their contract agreed should be conclusive. . . ." ' " (*Id.,* at p. 1091.)

Accordingly, the trial court properly refused to correct the arbitration award as requested by appellants.

---

[4] We note, parenthetically, that an award may be corrected if there was "an *evident* miscalculation of figures or an *evident* mistake in the description of any person, thing or property referred to in the award." (Code Civ. Proc., § 1286.6, subd. (a), italics added.)

[5] We assume, without deciding, that the statutory term "losses" is legally synonymous with "damages."

The order and judgment appealed from are affirmed.

Newsom, J., and Holmdahl, J., concurred.

A petition for a rehearing was denied September 15, 1988, and appellants' petition for review by the Supreme Court was denied November 17, 1988.