[No. A038863. First Dist., Div. Five. Feb. 23, 1989.]

SOCIAL SERVICES UNION/AMERICAN FEDERATION OF NURSES, SEIU LOCAL 535, AFL-CIO, Plaintiff and Appellant, v. ALAMEDA COUNTY TRAINING AND EMPLOYMENT BOARD, Defendant and Respondent.

COUNSEL

W. Daniel Boone and Van Bourg, Weinberg, Roger & Rosenfeld for Plaintiff and Appellant.

Donna Shannon Scott for Defendant and Respondent.

OPINION

**HANING, J.**—Appellant Social Services Union/American Federation of Nurses, SEIU Local 535, AFL-CIO appeals an order vacating that portion of an arbitrator's award imposing a remedy for respondent public agency's breach of their Memorandum of Understanding (MOU). Appellant's sole contention is that the trial court erred in determining that the arbitrator exceeded the scope of his authority. We reverse.

FACTS

Respondent, a public agency, and appellant entered into a MOU in July 1983 that governed the conditions of employment for certain of respondent's employees, and established a grievance procedure for the resolution of various disputes arising thereunder. Under the MOU a grievance is defined as an allegation that "the Agency has failed to provide a condition of employment which is established by this [MOU] or had otherwise violated this Agreement or had disciplined or discharged an employee without just cause." The grievance procedure provides for arbitration and, in connection therewith, section 17B(1)(f) states, in relevant part, "it shall be the duty of the arbitrator to hear and consider evidence submitted by the parties and to thereafter make written findings of fact and *disposition of the griev-*

*ance, which shall be final and binding* upon the parties. The arbitrator shall have no power to amend this [MOU], a policy or action of the Governing Board, State law, Federal law, State or Federal regulations or rulings, or written Agency rules, or to recommend such an amendment." (Italics ours.)

The arbitration at issue involved the interpretation and application of MOU section 14L, entitled, "CAREER LADDERS," which states: "Every reasonable effort will be made by the Agency when open positions occur to give consideration to current Agency employees on an existing list or when there is no existing list to give consideration to interested qualified employees."

In October 1984, appellant filed a grievance alleging violation of section 14L, contending that existing employee Robert Gotch was not given every reasonable consideration for the Job Search Workshop Specialist position. The position was instead offered to a nonemployee. The grievance requested, inter alia, Gotch's immediate appointment.

Following respondent's refusal to arbitrate the grievance, appellant petitioned the superior court to compel arbitration. Respondent opposed the petition, contending the grievance was not arbitrable because hiring and promotion decisions were within its exclusive discretion pursuant to personnel policies and procedures enacted by its governing board. The petition to compel arbitration was granted, and the order compelling arbitration stated, in part: "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the respondent agency employer is ordered to arbitrate the issue 'Has the employer made "every reasonable effort" to give consideration to current Agency employees in the matters of the positions of . . . Job Search Workshop Specialist in the period September and October, 1984?'"

Following denial of respondent's petition for writ of mandate in this court and the Supreme Court, the matter proceeded to arbitration in September 1986. The arbitrator determined that by including section 14L in the MOU, the parties intended that if there were qualified existing employees, those employees were to be offered the promotional opportunities before the position was offered to a nonemployee. The arbitrator ruled that "[t]he Employer has not made 'every reasonable effort' to give consideration to current Agency employees in the matters of the positions of . . . Job Search Workshop Specialist in the periods September and October, 1984. The appropriate remedy is to require the Employer to offer the position of Job Search Workshop Specialist to Mr. Gotch within one week of the date of this decision."

Following issuance of the award respondent complied and promoted Mr. Gotch. Thereafter, respondent moved to vacate the award on the grounds the arbitrator exceeded his power in finding a violation of section 14L, and in ordering Mr. Gotch's promotion as a remedy. The trial court struck that part of the award imposing the remedy, but upheld the arbitrator's finding that respondent had not made "every reasonable effort" to give consideration to current agency employees in the specified position and time period.

## DISCUSSION

■ Appellant contends the trial court erred in vacating the remedy imposed by the arbitrator, since it was within the arbitrator's power to impose such a remedy for breach of the MOU. Respondent concedes the arbitrator's authority to fashion a remedy is implicit, but contends the arbitrator abused his authority by exceeding its scope as defined by the court in its order compelling arbitration. Respondent argues that the order calls merely for a "yes or no" answer by the arbitrator, who cannot proceed further because the court did not so order. Respondent's argument misperceives the source of the arbitrator's authority. The arbitrator did not derive his authority from the court, but from the MOU, since agreements to arbitrate are contractual in nature. (Gov. Code, § 3505.1; Code Civ. Proc., § 1281; *Atlas Plastering, Inc.* v. *Superior Court* (1977) 72 Cal.App.3d 63, 69 [140 Cal.Rptr. 59].) ■ In ruling on a petition to compel arbitration the court is generally limited to determining whether the parties have an agreement to arbitrate the dispute, and whether a party has refused to arbitrate. The court cannot control the arbitrator's discretion, or restrict the arbitrator's contractual authority to resolve an arbitrable controversy. (Code Civ. Proc., § 1281.2; *Office & Professional Employees Union* v. *Sea-Land Service, Inc.* (1979) 90 Cal.App.3d 844, 847 [153 Cal.Rptr. 621]; *Atlas Plastering, Inc.* v. *Superior Court, supra,* at p. 69.)

■ Respondent also challenges the evidence and the arbitrator's reasoning, and suggests that the trial court could vacate the remedy on the grounds of insufficiency of the evidence. "The role of a court in reviewing the validity of an arbitration award under a collective bargaining agreement is an extremely narrow one. Findings on questions of law or fact by the arbitrator are final and conclusive. Neither the merits of the controversy nor the sufficiency of the evidence to support the arbitrator's award are matters for judicial review. A court must affirm an arbitrator's award if it can in any rational way be derived from the agreement, and can only reverse if there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop [citation]." (*Northern Cal. Dist. Council of Hod Carriers* v. *Pennsylvania Pipeline, Inc.*

(1980) 103 Cal.App.3d 163, 170 [162 Cal.Rptr. 851]; *University of San Francisco Faculty Assn.* v. *University of San Francisco* (1983) 142 Cal.App.3d 942, 955 [191 Cal.Rptr. 346]; see also, *Morris* v. *Zuckerman* (1968) 69 Cal.2d 686, 691 [72 Cal.Rptr. 880, 446 P.2d 1000]; *Nogueiro* v. *Kaiser Foundation Hospitals* (1988) 203 Cal.App.3d 1192, 1194-1196 [250 Cal.Rptr. 478]; *City of Oakland* v. *United Public Employees* (1986) 179 Cal.App.3d 356, 363-364 [224 Cal.Rptr. 523]; *Safeway Stores, Inc.* v. *Brotherhood of Teamsters* (1978) 83 Cal.App.3d 430, 436-437 [147 Cal.Rptr. 835].)

█ Although an award may be vacated if the arbitrator exceeded his powers (Code Civ. Proc., § 1286.2), ambiguities in the scope of arbitration are resolved in favor of arbitrability. (*Taylor* v. *Crane* (1979) 24 Cal.3d 442, 450 [155 Cal.Rptr. 695, 595 P.2d 129]; *Morris* v. *Zuckerman, supra,* 69 Cal.2d at p. 690.) Moreover, "[i]n reviewing arbitration awards in the labor-management field, courts are more restricted in their power to vacate than in other types of arbitration. [Citations.]" (*That Way Production Co.* v. *Directors Guild of America, Inc.* (1979) 96 Cal.App.3d 960, 966 [158 Cal.Rptr. 475].)

█ In *Grunwald-Marx, Inc.* v. *L.A. Joint Board* (1959) 52 Cal.2d 568, 589 [343 P.2d 23], the trial court compelled arbitration of controversies existing between a union and management. The union contended the award's imposition of damages was erroneous since the issue of damages had not been submitted to arbitration, and thus the arbitrators rewrote the collective bargaining agreement. The Supreme Court reasoned that damages for breach were clearly part of the dispute arising from the agreement, and that even if the issue of damages had not been specifically submitted to the arbitrators, it was properly included in the award where all the evidence necessary to the issue was before them. In the instant case the arbitrator was required to resolve a grievance concerning promotions, and to make a disposition thereof. Since nothing in the agreement expressly prohibited the remedy imposed, its imposition by the arbitrator was a proper "disposition of the grievance" pursuant to MOU section 17B(1)(f), and consistent with what was found to be the intent of the parties.

█ █ █ We reject respondent's contention that the remedy imposed by the arbitrator was in violation of the Meyers-Milias-Brown Act (MMBA) (Gov. Code, §§ 3500-3510), contrary to public policy or in conflict with respondent's personnel policies and procedures. █ █ █ The MMBA establishes the right of public employees to bargain collectively with their government employers, and reflects "the strong public policy in California favoring peaceful resolution of employment disputes

by means of arbitration." (*Fire Fighters Union* v. *City of Vallejo* (1974) 12 Cal.3d 608, 622 [116 Cal.Rptr. 507, 526 P.2d 971]; *Vernon Fire Fighters* v. *City of Vernon* (1980) 107 Cal.App.3d 802, 811 [165 Cal.Rptr. 908]; see Grodin, *Public Employees Bargaining in California: The Meyers-Milias-Brown Act in the Courts* (1972) 23 Hastings L.J. 719.) ■ The arbitration of disputes regarding promotions is not precluded by the MMBA. (*Fire Fighters Union* v. *City of Vallejo, supra,* at p. 618.)

■ Respondent's contention that there is a "dominant public policy regarding the right of a public agency to administer its own civil service system and make discretionary promotion and hiring decisions" is made without citation to authority, but is generally correct. ■ However, while a court may refuse to enforce an arbitrator's award on public policy grounds, such policy must be explicit, " 'well defined and dominant, and . . . be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests.' [Citation.]" (*United Paperworkers Intern. Union* v. *Misco, Inc.* (1987) 484 U.S. 29, 43 [98 L.Ed.2d 286, 302, 108 S.Ct. 364, 367].) ■■ California has a strong public policy favoring collective bargaining agreements, or MOU's in the public employment sector. Government Code section 3503 "establishes the right of recognized employee unions directly to represent their members in 'employment relations with public agencies.' This right to representation reaches '*all* matters of employer-employee relations,' (Gov. Code, § 3502; italics added) and encompasses 'but [is] not limited to, wages, hours, and other terms and conditions of employment' (Gov. Code, § 3504)." (*Social Workers' Union, Local 535* v. *Alameda County Welfare Dept.* (1974) 11 Cal.3d 382, 388 [113 Cal.Rptr. 461, 521 P.2d 453], fn. omitted; *International Assn. of Fire Fighters Union* v. *City of Pleasanton* (1976) 56 Cal.App.3d 959, 967-968 [129 Cal.Rptr. 68].)

■ The MMBA requires the public agency and employee organization to "meet and confer in good faith" (Gov. Code, § 3505), and when an agreement is reached it must be reduced to a written MOU and presented to the governing body for determination. (Gov. Code, § 3505.1.) Once approved by the agency's governing body, the MOU becomes a binding agreement and must be interpreted by the same rules as apply to other public or private contracts. (*Glendale City Employees' Assn., Inc.* v. *City of Glendale* (1975) 15 Cal.3d 328, 336, 339 [124 Cal.Rptr. 513, 540 P.2d 609]; *Beverly Hills Firemen's Assn., Inc.* v. *City of Beverly Hills* (1981) 119 Cal.App.3d 620, 628-629 [174 Cal.Rptr. 178]; *Chula Vista Police Officers' Assn.* v. *Cole* (1980) 107 Cal.App.3d 242, 246 [165 Cal.Rptr. 598].)

■ Section 23 of the MOU states that upon its adoption "the provisions of this Memorandum shall immediately supercede any conflicting or

inconsistent Agency policies and rules regarding employees identified in [the MOU]." Thus, although promotion and hiring decisions are within the initial discretion of the executive director, that discretion must be exercised within the parameters established by the MOU. (See *Taylor* v. *Crane, supra,* 24 Cal.3d at pp. 451-452.) Accordingly, the arbitrator's imposition of a remedy for breach of the MOU is authorized by the terms of the MOU and the trial court erred in vacating that portion of the award.

The order is reversed and remanded with instructions to deny the motion to vacate the award.

Low, P. J., and King, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 15, 1989.