[No. D014171. Fourth Dist., Div. One. May 6, 1992.]

MICHAEL GRILL et al., Plaintiffs and Respondents, v.
HOWELL T. HUNT, Defendant and Appellant.

## COUNSEL

Duke, Gerstel, Shearer & Bregante, Joyce J. Kapsal and Bryan R. Gerstel for Defendant and Appellant.

Anderson & Kriger, Clayton M. Anderson and Charles A. Bott for Plaintiffs and Respondents.

## OPINION

**WIENER, J.**—Defendant Howell T. Hunt appeals from a summary judgment entered in favor of plaintiffs Michael Grill and Heidi Kelley (collectively Grill) and from the underlying order vacating an arbitration award in his favor. He contends, among other things, that there was no basis to vacate the award and that it should have been confirmed instead. We agree and reverse.

### FACTUAL AND PROCEDURAL BACKGROUND

Hunt owned two adjoining unimproved lots in Fallbrook, California. He sold the first lot to John and Teresa Hayes (collectively Hayes) in May 1983. Eleven months later he sold the second lot to Grill. Each lot was certified by county authorities for construction of a three-bedroom single-family residence with a standard septic tank system. Both Hayes and Grill made down payments and monthly payments to Hunt on notes secured by respective deeds of trust.

The contracts provided that the buyers were to make no improvements to the property until it was paid for in full. Despite this provision, Grill

removed trees and graded his lot in preparation for construction of a house. In May 1986, Grill received an engineering report indicating problems with some of the data on which the county certification for both parcels was based. Grill and Hayes took the position that these problems reflected a material breach of representations made by Hunt during the negotiations for the sale of the two parcels. Both demanded rescission of the land sale contracts and return of moneys paid as well as reimbursement of certain expenses incurred. Hunt agreed to rescission, which was accomplished, but refused to return any money.

Grill and Hayes responded by filing an action seeking rescission and return of the amounts they alleged were owed. Due largely to the difficulty in obtaining a prompt trial date, the parties agreed to submit the matter to binding arbitration before retired Judge F.V. Lopardo. Judge Lopardo found that Hunt had made no misrepresentations during negotiations but that the parties had accomplished a rescission by mutual agreement. As to Hayes, he determined Hunt was required to provide reimbursement in the claimed amount of $39,927.

As to Grill, Judge Lopardo concluded that Grill's grading of the lot created an additional issue:

"As to the Grill decision the adjustments of the equities presents a problem since the Grills graded a building pad that 'impacted most of the leach field' according to Janet Laine Waltz, the County Environmental Sanitarian and according to engineer Richard Warren Hartley the building pad 'infringes on 25% to 30% of the leach field.'

"As a result of this grading of the building pad the Certification of the County for the Grill lot was withdrawn by the County . . . and the plaintiffs Grill returned a 'Non-Certificated' lot to the defendants. In addition the lot had been damaged by the 'infringement' on the leach field.

"How much less is the Grill lot worth as a result of the acts of Grill. The defendants claim the lot is now worthless. The plaintiff Grill contends he returned what he received, an unbuildable lot. In any event, he contends, the defendants have not proven the diminished value of the damaged lot.

"Counsel for plaintiff states on Pg. 3 line 26 of his Memorandum of Points and Authorities in Support of Decision: 'Plaintiffs' (sic) submit that the issue is simply one of burden of proof . . .'

"He is correct, however it is the burden of the plaintiff Grill, not the defendants. Section 1691 of the Civil Code . . . provides that to effect a

rescission the party must give notice of rescission and '(b) Restore to the other party everything of value which he has received . . .' Unless a party desiring to rescind carries the burden of proving those two requirements he has not proven his right to rescind but here, as mentioned above, there was an acquiescence in the rescission . . . . Unfortunately the plaintiff Grill failed to carry his burden of proof and the Arbitrator cannot comply with last paragraph of Civil Code Section 1692 and adjust the equities between the parties."

Pleased with the result, Hayes moved to confirm that portion of the award while Grill, not equally enamored, moved to vacate his. As a basis for vacating the award, Grill argued that the arbitrator had failed to address an issue submitted to him and that he had committed an error of law which was apparent on the face of the award. The trial court agreed with Grill, vacating that portion of the award while at the same time confirming Hayes's portion.

After the award was vacated, Grill successfully moved for summary judgment, with reimbursement awarded to him in the amount of $36,291.09 plus interest.

## DISCUSSION

The principal issue before us is whether the trial court erred in vacating the arbitration award in favor of Hunt. It is well established that the grounds for vacating an arbitration award are exceedingly limited, confined generally to the bases specified in Code of Civil Procedure section 1286.2. (See, e.g., *Herman Feil, Inc.* v. *Design Center of Los Angeles* (1988) 204 Cal.App.3d 1406, 1417-1418 [251 Cal.Rptr. 895]; *Nogueiro* v. *Kaiser Foundation Hospitals* (1988) 203 Cal.App.3d 1192, 1195 [250 Cal.Rptr. 478].) Here, Grill claims the trial court properly vacated the award because the arbitrator refused to decide all issues presented to him (see, e.g., *Rodrigues* v. *Keller* (1980) 113 Cal.App.3d 838, 840-842 [170 Cal.Rptr. 349]) and because he made an error of law apparent on the face of the award (see, e.g., *Schneider* v. *Kaiser Foundation Hospitals* (1989) 215 Cal.App.3d 1311, 1317 [264 Cal.Rptr. 227]).[1]

---

[1]For the first time on appeal, Grill argues that the award was properly vacated because the arbitrator exceeded his powers in ruling on an issue not submitted for arbitration. (See generally *Cobler* v. *Stanley, Barber, Southard, Brown & Associates* (1990) 217 Cal.App.3d 518, 530 [265 Cal.Rptr. 868].) Specifically, Grill claims that the issue of any reduction in value of the property was not pleaded as an affirmative defense by Hunt and was therefore not a question before the arbitrator. Assuming the issue is properly before us, we disagree. Grill's complaint in equity sought restitution of the excessive benefit retained by Hunt, i.e., the amount by which the current value of the parcel plus payments on the note exceeded the value

## Failure to Decide Arbitratable Issues

The first asserted basis need not detain us long. Grill argues that by refusing to "adjust the equities" between the parties, the arbitrator failed to determine all submitted issues. Our reading of the award is inconsistent with Grill's characterization. The arbitrator understood what Grill was claiming as damages (technically restitution) due him following the rescission. He concluded that before Grill could recover those amounts, he bore the burden of proving that the value of the property had not decreased as a result of the grading which he performed. Judge Lopardo further determined that Grill had failed to meet that burden, which therefore precluded any award to him. Accordingly, the arbitrator did not refuse to decide any submitted issue but merely decided it adversely to Grill.

## Error of Law on the Face of the Award

Grill's second basis for complaint is that the arbitrator erred in placing the burden on Grill to prove the value of the property rather than on Hunt to show that what he received was not equivalent to what he originally conveyed. For the purposes of our comments, we assume that if the burden of proof was improperly placed on Grill, it would constitute an error of law appearing on the face of the award and justify vacating the award.

We begin with a brief recapitulation of the transaction. After making partial payment on a note and incurring additional expenses, Grill sought to rescind based on alleged misrepresentations made by Hunt. Hunt agreed to take the property back. The arbitrator concluded, however, that there had been no misrepresentations. As a result, the rescission must be treated as one based on mutual agreement rather than due to the fault of the seller. Because the contract has been rescinded, Grill is claiming a right to restitution of amounts he paid in connection with the property.

■ The rule in California seems clear that following rescission of a contract, the burden of proving entitlement to restitution or offset is on the defaulting party. Thus in *Bird* v. *Kenworthy* (1954) 43 Cal.2d 656 [277 P.2d 1], the Supreme Court explained, "To have the benefit of the rule against unjust enrichment, the burden of proof is upon the defaulting vendee to show that the payments made by him exceed the vendor's damages." (*Id.* at p. 659; accord *Baffa* v. *Johnson* (1950) 35 Cal.2d 36, 39-40 [216 P.2d 13].) In a case involving rescission based on a seller's misrepresentations (*McCoy* v. *West* (1977) 70 Cal.App.3d 295 [138 Cal.Rptr. 660]), the court employed an analogous approach to impose the burden on the seller of a business to prove that the business generated any profits while it was being operated by the

at the time of purchase. Necessarily, the current value is at issue in any such proceeding without the necessity of an affirmative pleading by the defendant.

buyer. (*Id.* at p. 303.) The implicit rationale of these cases is that risk of any difficulty in proof should not inure to the benefit of the party responsible for the failure of the contract. (See 1 Palmer, Law of Restitution (1978) § 5.4, p. 584.)

As we have explained, however, the situation here is complicated because neither party is culpably responsible for the rescission—it was accomplished by mutual agreement. Nonetheless, we believe a similar rationale supports the arbitrator's conclusion that the burden was properly placed on Grill. As a general proposition, the burden of proof should be placed on the party best able to satisfy it. (See generally *Harris* v. *Irish Truck Lines, Inc.* (1974) 11 Cal.3d 373, 378 [113 Cal.Rptr. 489, 521 P.2d 481].) Here, arguably, Hunt bore an initial burden of producing evidence to show that the property he received back from Grill was not in the same condition as when it was initially sold. This burden was satisfied when Grill conceded that the lot had been graded. The burden then shifted to Grill to prove that the changes he made to the lot did not affect its value, or at least damaged it to a lesser extent than the value Hunt had already received. (See Palmer, *op. cit. supra,* at p. 585.)

That this burden is properly borne by Grill is further supported by the fact that the contract specifically provided he was to make no improvements on the property before it was paid in full. While the purpose of this provision was likely to safeguard Hunt in the event of a default by Grill—rather than a mutual rescission—it nonetheless indicates that Grill is responsible for the uncertainty as to value. Accordingly, the arbitrator correctly concluded Grill bore the burden of showing the value of the property at the time it was returned to Hunt.

### CONCLUSION AND DISPOSITION

Because there was no error by the arbitrator which would justify vacating the arbitration award, the superior court erred in doing so. The judgment is reversed with instructions to the superior court to confirm the arbitration award and enter judgment accordingly.

Kremer, P. J., and Huffman, J., concurred.

A petition for a rehearing was denied May 26, 1992, and respondents' petition for review by the Supreme Court was denied July 29, 1992.