[Civ. No. 45087. Second Dist., Div. Two. July 22, 1975.]

AETNA LIFE AND CASUALTY COMPANY, Plaintiff and Appellant, v. FORD MOTOR COMPANY, Defendant and Respondent.

**COUNSEL**

Herbert J. Beck for Plaintiff and Appellant.

Brill, Hunt, De Buys & Burby and Michael T. Fox for Defendant and Respondent.

**OPINION**

**COMPTON, J.**—Aetna Life & Casualty Company appeals from an order of dismissal entered after a demurrer with leave to amend was sustained as to its first amended complaint for declaratory relief and indemnification. Aetna declined to amend.

The allegations of the complaint disclose the following background of the litigation. Aetna leased a 1970 Ford Torino automobile for use by its employees. On July 11, 1971, the automobile, while being driven by an Aetna employee, was involved in an accident causing serious injuries to one Connie Sillen and extensive damage to the Torino. Following the accident Sillen made a claim against Aetna for personal injuries. Contending that the direct proximate cause of the accident was a defect in the braking system of the Ford automobile, Aetna made demands upon the Ford Motor Company to take over the defense of the case. Ford refused to do so. Aetna then settled with Sillen for $25,000.

In the instant action Aetna seeks to recover from Ford the $25,000 that it paid out in settlement of the Sillen claim and $1,100 in damages, the cost of repair to the Ford automobile.

Aetna's complaint adequately alleged that the cause of the accident was a defect in the braking system of the Ford as a result of which the

Ford Motor Company would be liable either on a theory of negligence or strict product liability. Aetna further alleged that it was unaware of the existence of the defect prior to the accident and that the settlement which it effected with Sillen was a reasonable one. Aetna did not specifically allege the nature of its own potential liability to Sillen nor did it specifically negate by its pleadings the absence of negligence on the part of its employee-driver.

Aetna's pleading sets forth a cause of action that would, if proved, entitle it as a user of the product, to recover from Ford for the damage to the car itself. (*Fentress* v. *Van Etta Motors,* 157 Cal.App.2d Supp. 863 [323 P.2d 227]; *Wyatt* v. *Cadillac Motor Car Division,* 145 Cal.App.2d 423 [302 P.2d 665]; *Gherna* v. *Ford Motor Co.,* 246 Cal.App.2d 639, at p. 650 [55 Cal.Rptr. 94]; *Seeley* v. *White Motor Co.,* 63 Cal.2d 9 [45 Cal.Rptr. 17, 403 P.2d 145].) The real controversy in this case, however, centers on the $25,000 settlement with Sillen which Aetna seeks to recover on the basis of the equitable concept of implied indemnity. (*City & County of S.F.* v. *Ho Sing,* 51 Cal.2d 127 [330 P.2d 802].)  ■  As to this cause of action as well as the cause of action for property damage to the vehicle, the failure to negate negligence on the part of the employee-driver is not fatal to Aetna's complaint since such a negative allegation would be merely negating a defense, which is not a requirement of proper pleading in California. (*Pulvermacher* v. *L. A. Co-Ordinating Com.,* 61 Cal.App.2d 704 [143 P.2d 974]; *Magee* v. *N.P.C.R.R. Co.,* 78 Cal. 430 [21 P. 114].) The allegation that the brake failure was the direct and proximate cause of the accident was sufficient to frame the issue.

Thus we turn to a consideration of the cause of action for indemnification and the adequacy of the complaint as it deals with Aetna's potential liability to Sillen.

■  A right to indemnity may arise from contract express or implied or from the equities of a given situation. (*S. F. Examiner Division* v. *Sweat,* 248 Cal.App.2d 493 [56 Cal.Rptr. 711]; *Cobb* v. *Southern Pac. Co.,* 251 Cal.App.2d 929 [59 Cal.Rptr. 916].) It applies in cases in which one party pays a debt for which another is primarily liable and which in equity and good conscience should have been paid by the latter party.

■  Equitable indemnity, like subrogation, is not available to a volunteer. It extends to those who pay in performance of a legal duty in order to protect their own rights or interests. (*Employers etc. Ins. Co.* v. *Pac. Indem. Co.,* 167 Cal.App.2d 369 [334 P.2d 658].) However, one

acting in good faith in making payment under a reasonable belief that it is necessary to his protection is entitled to indemnity or subrogation, even though it develops that he in fact had no interest to protect. *(Employers, supra.)*

The essential ingredients of Aetna's cause of action for implied indemnity are (1) that Aetna was secondarily liable for a wrong for which Ford was primarily liable, (2) that Aetna was not guilty of active negligence, (3) that the circumstances of the case are such that equity would require indemnification, and (4) that Aetna was not a volunteer in settling with Sillen, the injured party.

■ The ultimate determination of whether or not indemnity should be allowed depends upon the circumstances of each case, *(Herrero v. Atkinson,* 227 Cal.App.2d 69 [38 Cal.Rptr. 490, 8 A.L.R.3d 629]) and is generally a factual question. *(Pierce v. Turner,* 205 Cal.App.2d 264 [23 Cal.Rptr. 115]; *Alisal Sanitary Dist. v. Kennedy,* 180 Cal.App.2d 69 [4 Cal.Rptr. 379]; *S. F. Unified Sch. Dist. v. Cal. Bldg. etc. Co.,* 162 Cal.App.2d 434 [328 P.2d 785].)

■ Ford's contentions in support of its demurrer amount to an endeavor, semantically, to place Aetna in a pleading box from which it could never escape because it contends in effect that Aetna's efforts to plead the secondary nature of its liability and the absence on its part of active negligence, in effect establishes that there was no liability at all on its part. Hence, according to Ford, Aetna, in settling the case with Sillen, was a volunteer.

Since we are satisfied that the allegations in the complaint satisfy the other essential requirements for a cause of action for indemnification, the question is narrowed to whether Aetna was, under the circumstances, a volunteer.

Ford's position, while appearing to be semantically logical, overlooks the realities and the vicissitudes of tort litigation. At the time of the settlement Aetna faced a potential liability and was fully entitled to attempt to minimize its loss.

At that point Aetna has basically three alternatives. First, it could settle as it did or it could have forced Sillen to institute an action in which Ford could be joined by cross-complaint or it could alone defend an action filed by Sillen in the hope that the jury would find no liability

on its part or if liability was found return a favorable special verdict as to the nature of that liability. Only the first two of these appear to be reasonably acceptable from Aetna's standpoint.

Aetna's settlement of the case served the public policy which favors settlement of litigation and could be viewed as a reasonable effort on its part to mitigate damages in its claim against Ford. Thus the fact that Aetna settled rather than suffer a judgment against it is not fatal to its cause of action against Ford. (See *Employers etc. Ins. Co.* v. *Pac. Indem. Co., supra.*)

Of course, if Aetna faced neither actual, potential nor reasonably apparent liability then it would be a volunteer in settling and then seeking to recover from Ford. But such was not the case.

█ While the owner of an automobile may not delegate the duty to maintain the brakes in a safe working condition, (*Maloney* v. *Rath,* 69 Cal.2d 442 [71 Cal.Rptr. 897, 445 P.2d 513, 40 A.L.R.3d 1]) he may defend against liability for an accident caused by defective brakes by establishing that the defect existed before he purchased the car and could not have been discovered by a reasonable inspection thereafter. (*Clark* v. *Dziabas,* 69 Cal.2d 449 [71 Cal.Rptr. 901, 445 P.2d 517].) Thus it is Ford's contention that since Aetna's complaint alleged that the brake defect was a preexisting one of which Aetna had no knowledge, there is no reason for Aetna to have feared that any liability on its part could be established unless that liability was based on its own negligence unrelated to the brake defect. We disagree.

█ Aetna's liability to Sillen here could have rested upon a finding that it negligently failed to inspect the brakes and locate a discoverable defect. In such a situation Aetna's liability would be secondary and Ford's liability primary. (*Cobb* v. *Southern Pac. Co., supra.*) Inasmuch as the ultimate facts as properly pleaded in the complaint lend themselves to the application of these legal principles, it was not necessary for Aetna to plead those legal principles or hypothesis. (Code Civ. Proc., § 425.10; *Green* v. *Palmer,* 15 Cal. 411.) Ford is adequately advised by the complaint of the nature of Aetna's claim. In fact, Ford's counsel at oral argument conceded that the pleading in question would not be vulnerable to a demurrer if filed as a cross-complaint in an action instituted by Sillen against Aetna.

Of course, on any trial of the matter Aetna will have to prove the facts establishing Ford's liability, the reasonableness of the settlement and its own lack of active negligence. (*Meritplan Ins. Co.* v. *Universal Underwriters Ins. Co.,* 247 Cal.App.2d 451 [55 Cal.Rptr. 561].) Thus Ford is at no more disadvantage than if it had been joined by a complaint or cross-complaint in litigation instituted by Sillen. The complaint here states a cause of action.

The judgment of dismissal is reversed.

Roth, P. J., and Beach, J., concurred.