53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 INSURANCE COMPANY OF THE WEST, Plaintiff-Counter-Defendant-Appellee,
v.
OHIO CASUALTY INSURANCE COMPANY,
Defendant-Counter-Claimaint-Appellant.
 No. 93-56580.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 5, 1995.
Decided April 25, 1995.
 
 Before: D.W. NELSON, and CANBY, Circuit Judges, and TANNER,* District Judge.
 MEMORANDUM**
 Ohio Casualty Insurance Company ("OCI") appeals from a district court judgment, following a bench trial, which denied OCI's request for a declaration that it was entitled to equitable indemnity from Insurance Company of the West ("ICW") for monies OCI paid in settlement of a claim in California state court. On appeal, OCI argues that the district court erred in interpreting California's law of equitable indemnity. ICW argues that OCI has waived its right to appeal the equitable indemnity claim by failing to raise it below.
 We have jurisdiction over this appeal under 28 U.S.C. Sec. 1291. We find that the issue of whether OCI was entitled to equitable indemnity was not waived below, and we reverse the district court's ruling.
 The present action began when ICW filed a diversity action in the District Court for the Central District of California seeking a judicial declaration that OCI was liable for Lanthier's defense and indemnification in the underlying tort action, Bracamonte v. Lanthier. OCI counterclaimed that ICW's counsel had fraudulently and negligently misrepresented the case to OCI in tendering Lanthier's defense. Before the district court heard the declaratory relief action, both ICW and OCI agreed to a $250,000 settlement of the Bracamonte litigation. Although the parties agreed not to divulge the amount each had contributed to the settlement, they stipulated that they had agreed to reapportion their respective contributions to the settlement according to the outcome of ICW's suit for declaratory relief and OCI's counterclaim. Included among the issues of law and fact to be tried in the District Court's Pretrial Conference Order were the questions "Did R.J. Lanthier's ... liability arise out of the work of Ohio Casualty Insurance Co.'s named insured, Dennis Echols d/b/a Echols Concrete?" and "Is Ohio Casualty entitled to recover from Insurance Company of the West the monies it has agreed to pay in settlement of [the Bracamonte case]?"
 At the conclusion of a six-day bench trial, the district court orally issued its findings of fact and conclusions of law. The district court found that "substantial evidence was presented that [Bracamonte's] injury did not grow out of Echols' work" and thus, OCI's "duty to indemnify [Lanthier] was not triggered ...." The district court also concluded that OCI was not estopped from denying its duty to defend and indemnify Lanthier because the estoppel theory was not applicable in disputes between two insurers and ICW had not demonstrated prejudice from OCI's failure to reserve its rights. ICW has not appealed that portion of the district court's ruling. The district court also ruled in favor of ICW on OCI's counterclaims alleging fraud and negligent misrepresentation.
 Lastly, on the issue giving rise to the present appeal, the district court refused to grant OCI equitable indemnity for the monies it paid toward the Bracamonte settlement. The court found that when OCI entered the Bracamonte settlement, OCI could not be certain that liability would not be found against its insured, Echols Concrete, and, therefore, OCI had benefitted from paying to release Echols from all liability. Thus, the court ruled, because OCI had not established what value to assign the benefit it received from obtaining Echols' release, the court could not equitably reapportion the settlement monies contributed by the parties. Accordingly, the district court's judgment denied either party the right to "recoup from the other defense costs or indemnity payments in the underlying Bracamonte litigation."
 OCI filed post-trial motions to alter or amend the judgment under Rule 59(e), and to alter or amend the court's findings under Rule 52(e), contending that it was entitled to equitable indemnity from ICW for all monies OCI paid toward the Bracamonte settlement. The district court summarily denied these motions.
 I.
 ICW argues that OCI waived its right to appeal its equitable indemnity claim by failing to raise it below. Although no "bright line rule" exists to determine whether a matter has been properly raised below, "[a] workable standard ... is that the argument must be raised sufficiently for the trial court to rule on it." Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir. 1992). The issue of whether OCI was entitled to equitable indemnity clearly was considered by the district court. The pretrial conference order twice alluded to the central issues underlying this claim. Patterson v. Hughes Aircraft Co., 11 F.3d 948, 950 (9th Cir. 1993) ("A pretrial order generally supersedes the pleadings, and the parties are bound by its contents."); Fed. R. Civ. P. 16. Furthermore, OCI explicitly argued that it was entitled to equitable indemnity in its trial memorandum, during the bench trial, and in its post-trial motions to amend the judgment. Whittaker, 953 F.2d at 515. Lastly, the district court addressed the issue squarely both in its oral findings of fact and conclusions of law and in its denial of OCI's post-trial motions. Accordingly, we find that OCI did not waive its right to appeal the issue of equitable indemnity.
 II.
 OCI argues that the district court misinterpreted and misapplied California's law of equitable indemnity. Because OCI's claim to equitable indemnity was rejected by the district court when it denied OCI's post-trial motions pursuant to Fed. R. Civ. P. 59(e) and 52(e), this court will construe this appeal as limited to a review of the denial of those motions; accordingly, we review for an abuse of discretion. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir. 1991); Floyd v. Laws, 929 F.2d 1390, 1400 (9th Cir. 1991). A district court abuses its discretion if it erroneously interprets the state's law of equitable indemnity. United States v. Beltran-Gutierrez, 19 F.3d 1287, 1289 (9th Cir. 1994).
 Despite its finding that Bracamonte's injury "did not grow out of Echols' work," the district court denied equitable indemnity to OCI because it found that OCI had agreed to the settlement before the facts were clear and therefore OCI derived an independent benefit of unknown value from having its insured, Echols, released from any potential liability. Specifically, the district court stated in its order denying OCI's Request for Entry of a Different Judgment that "Ohio's failure of proof was [its failure to show] that any part of the settlement payment was for the release of Lanthier -- i.e., a showing [that] Ohio was 'paying the debt of another."'
 We conclude that the district court erred as a matter of law. In light of the district court's findings, OCI could not have been required to pay anything to Bracamonte, either as indemnity for Lanthier or directly under Echols' liability policy. Under established principles of equitable indemnity, OCI is entitled to complete recovery of whatever monies it forwarded on behalf of its insured towards the settlement agreement, if in agreeing to the settlement it reserved its rights to do so. See Western S.S. Lines, Inc. v. San Pedro Peninsula Hosp., 876 P.2d 1062, 1066 (Cal. 1994) (stating that "the basis for indemnity is restitution ... the concept that one person is unjustly enriched at the expense of another when the other discharges a liability that it should be his responsibility to pay") (citations omitted); see also Pines of La Jolla Homeowners Ass'n v. Industrial Indem., 7 Cal. Rptr. 2d 53, 60 (Ct. App. 1992) (stating that "an insurer who has potential liability in the underlying lawsuit is entitled to settle any claim alleged against it without prejudice to its right to seek equitable subrogation or indemnity from other insurers alleged to have full or partial liability for the underlying claim"); United Pacific Ins. Co. v. Hanover Ins. Co., 266 Cal. Rptr. 231, 236 (Ct. App. 1990).
 ICW argues that there was no evidence in the record that in agreeing to the settlement, OCI reserved its right to contest its liability for coverage for Lanthier and Echols. See Phoenix Ins. Co. v. U.S. Fire Ins. Co., 235 Cal. Rptr. 185, 189 (Ct. App. 1987) (noting that the two insurers seeking equitable indemnity in that case specifically reserved their rights to litigate the apportionment of their contribution to the settlement), rev. denied, (June 17, 1987); Aetna Casualty & Sur. Co. v. Safeco Ins. Co., 163 Cal. Rptr. 219, 220 (Ct. App. 1980). OCI and ICW never divulged to the district court the terms of their settlement agreement with Bracamonte. However, their stipulation in the Pretrial Conference Order indicated that they had agreed "to pay or reimburse each other, as the case may be, regarding the monies being paid, according to the resolution of the Declaratory Relief and Counterclaim pending" in the district court. Thus, the district court could reasonably infer that OCI had reserved its right to contest its liability to provide coverage both for Lanthier (under the indemnity rider in OCI's policy with Echols) and for Echols.[1] In light of the district court's finding that Bracamonte's injuries did not arise out of the work of Echols, OCI would have no liability for Bracamonte's claim under either basis for coverage.[2] See Smith By and Through Smith v. Parks Manor, 243 Cal. Rptr. 256, 258-59 (Ct. App. 1987). Thus, any payments that OCI made to Bracamonte as indemnification for either Echols or Lanthier would be a "debt for which [ICW] is primarily [,in fact, exclusively,] liable and which in equity and good conscience should have been paid by [ICW]." Phoenix Ins. Co., 325 Cal. Rptr. at 193.
 Nor is there merit to ICW's contention that OCI's contribution to the settlement agreement, purportedly to protect only the interests of its insured and not that of Lanthier, rendered OCI a "volunteer" ineligible to claim equitable indemnity. See Pines of La Jolla Homeowners Ass'n., 7 Cal. Rptr. 2d at 60 (holding that "[w]here an insurer settles in good faith prior to a judicial determination of coverage, such insurer is not a mere volunteer and is entitled to pursue recovery (by way of claims for subrogation or indemnity) of amounts it paid which were in fact covered by [another] insurer"); United Pacific Ins. Co., 266 Cal. Rptr. at 237; State Farm Fire & Cas. Co. v. Cooperative of American Physicians, Inc., 209 Cal. Rptr. 251, 253 (Ct. App. 1984). Accordingly, we hold that as a matter of law, OCI should have received equitable indemnity from ICW for its contribution to the settlement of Bracamonte's suit.
 CONCLUSION
 We reverse the district court's denial of OCI's Rule 59(e) motion and remand for the district court to amend its judgment by granting OCI equitable indemnity under California law.
 REVERSED and REMANDED.
 
 
 
 *
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Subsumed within OCI's claim that it had no duty to indemnify Lanthier for liability arising from Echols' work is the claim that Echols is not liable to Bracamonte. Furthermore, as indicated above, the pretrial order included among the issues to be resolved the question whether OCI was entitled to recover the monies it paid in settlement of the Bracamonte action; the fact that ICW "contend[ed] that the pleadings do not frame this issue" does not negate the reasonable inference that OCI had reserved its right to raise this claim in the declaratory relief action without amending the pleadings. Patterson v. Hughes Aircraft Co., 11 F.3d 948, 950 (9th Cir. 1993)
 
 
 [2]
 ICW asserts that because OCI was unable to establish contact with its insured, Echols Concrete, it settled in order to avoid a "potentially disastrous default judgment" against Echols. Even if this were true, however, it does not prevent OCI from settling the suit and later contesting the issue of Echols' liability in a declaratory relief action such as this. See Aetna Life & Cas. Co. v. Ford Motor Co., 122 Cal. Rptr. 852, 855 (Ct. App. 1975)