In re DOW CORNING
CORPORATION.

Dow Corning Corporation,
Plaintiff–Appellee,

v.

Hair Replacement Centers Inc.,
Defendant–Appellant.

No. 04–56609.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 19, 2006.

Filed Jan. 22, 2007.

---

Shirley M. Hufstedler, Esq., Morrison & Foerster, LLP, Cyril E. Armbrister, Jr., Esq., Gordon & Rees, LLP, Los Angeles, CA, David Ellerby, Esq., Andrews & Foley LLP, Dallas, TX, for Plaintiff–Appellee.

Warren B. Campbell, Esq., Long Williamson & Delis, Santa Ana, CA, for Defendant–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided

Before: PREGERSON, GOULD, and CLIFTON, Circuit Judges.

#### MEMORANDUM *

Hair Replacement Centers, Inc. ("HRC") appeals the district court's grant of summary judgment to Dow Corning Corporation ("DCC"), which held that DCC was not required to equitably indemnify HRC for the portion of HRC's tort settlement attributable to non-economic damages. We affirm.

Under California law, HRC is entitled to equitable indemnity if it had "a reasonable belief" that settlement was necessary, "even though it develops that [it] in fact had no interest to protect." *Aetna Life & Casualty Co. v. Ford Motor Co.*, 50 Cal. App.3d 49, 122 Cal.Rptr. 852, 854 (1975). HRC need not prove its own liability, *Mullin Lumber Co. v. Chandler*, 185 Cal. App.3d 1127, 230 Cal.Rptr. 122 (1986), but indemnity is unavailable if HRC "faced neither actual, potential nor reasonably apparent liability," *Aetna*, 122 Cal.Rptr. at 855. The question is whether HRC might have been held liable for DCC's liability under either strict liability or negligence.

■ As a matter of California law, HRC could not have been held liable under strict liability. California "[c]ourts have not extended the doctrine of strict liability to transactions whose primary objective is obtaining services. [They] have also declined to apply strict liability where the transaction's service aspect predominates and any product sale is merely incidental

by 9th Cir. R. 36–3.

to the provision of the service." *Pierson v. Sharp Mem'l Hosp., Inc.,* 216 Cal.App.3d 340, 264 Cal.Rptr. 673, 675 (1989) (citations omitted); *see also Ferrari v. Grand Canyon Dories,* 32 Cal.App.4th 248, 38 Cal. Rptr.2d 65, 70–72 (1995); *Hector v. Cedars–Sinai Med. Ctr.,* 180 Cal.App.3d 493, 225 Cal.Rptr. 595 (1986); *Silverhart v. Mount Zion Hosp.,* 20 Cal.App.3d 1022, 98 Cal.Rptr. 187, 188–191 (1971). In determining whether a transaction is the sale of a product or a service, "courts have recognized 'that the *essence* of the transaction between the retail seller and the consumer relates to the *article sold.*'" *Pierson,* 264 Cal.Rptr. at 675 (internal quotation omitted) (quoting *Silverhart,* 98 Cal.Rptr. at 190). The "track service" performed on October 15, 1992 is the one event that all parties have focused on as the cause of the injuries giving rise to the tort claim against HRC. That supports the conclusion that the claim against HRC arose out of the provision of a service, rather than the sale of a product, such that strict liability did not apply. HRC's arguments to the contrary are unavailing. The track service was sold as a separately-priced service. The victim did not allege that his injury resulted from his purchase of a new hair system a few weeks before, nor did he claim that his injury resulted from any separate, direct purchase by him from HRC of DCC's product.

■ Similarly, HRC was not exposed to liability for non-economic damages arising from DCC's alleged negligence. California law provides that: "In any action for personal injury, property damage, or wrongful death, based upon principles of comparative fault, the liability of each defendant for non-economic damages shall be several only and shall not be joint." Cal. Civ.Code § 1431.2(a) (West Supp.2006). As the California Court of Appeal held in *Union Pacific Corp. v. Wengert,* 79 Cal.App.4th

1444, 95 Cal.Rptr.2d 68, 71 (2000): "joint liability is restricted to economic damages, and the right to seek indemnity after settlement is correspondingly limited." Because of section 1431.2(a), settling parties could never be held liable for … noneconomic damages insofar as they were caused by [the non-settling party's] negligence. Therefore, they could not have reasonably believed they were protecting their own interests when they purported to settle all the [injured party's] claims.

*Id.*

Since HRC was never at risk for being held liable for DCC's liability for non-economic damages, under either strict liability or negligence theories, HRC's equitable indemnity claim against DCC for such damages fails.

**AFFIRMED.**